Opinion of the Court.
THIS was an action on the case, brought by George M’Afee, in his lifetime, to recover damages occasioned by the erection of a mill dam across Salt river, by Kennedy and M’Coun, and the consequent overflowing of water on the land and spring of M’Afee. Whilst the suit was pending in the circuit court, M’Afee departed this life, and the suit was, by an order of court, renewed in the name of his executrix. The suit was, finally tried in the circuit court, and a verdict and judgement for one hundred and twenty-one dollars re *170 covered by the executrix. To reverse that judgment, Kennedy and M’Coun have prosecuted this writ of error.
1 Dig. 533.
1 Dig. 52.
The assignment of errors questions the propriety of reviving the cause in the name of the executrix.
1. That, upon common law principles, the action could not be revived in the name of the executrix, is perfectly obvious ; for the cause of action is founded on a tort, and wherever the declaration imputes a tort, done either to the person or property of another, and the plea must be not guilty, the rule at common law was, actio personalis moritur cum persona. This rule, however, received considerable alteration by the statute of 4 Ed. 3, ch. 7, re enacted by the legislature of this country in 1797, (1 Litt. 624,) which provides, that “ actions of trespass may be maintained by and against executors or administrators, for any goods taken and carried away in the lifetime of the testator
or intestate; and the damages received, shall be, in the one case, for the benefit of the estate, and in the other, out of the assets.” But the statute of Edward was never supposed to extend to injuries done to the person or the freehold of the testator; and consequently, since the statute, it has been held, that an executor or administrator can maintain no actions of assault and battery, false imprisonment, slander, deceit, diverting a water course, obstructing lights, cutting trees, &c.; but such like causes of action, notwithstanding the statute, die with the person.— 1 Saund. Rep. 217, N. 1, and the authorities there cited.
But the legislature of this country, at the session of 1811, again took up the subject, and enacted, “ that thereafter, no species of action for personal injuries, shall cease or die with the person, except actions for assaults and batteries, slander, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury; but that for any other injury than herein excepted, an action may be brought and maintained by executors or administrators, or against executors or administrators, in like manner with causes of action founded upon contract. And upon the decease of either plaintiff or defendant to any actions which, by the provisions of this section, will not die with the person, it shall be lawful for such action to be revived in the name of the *171 executors or administrators of the deceased, in the same manner, subject to the like proceedings, as in cases which theretofore survived to the executors or administrators of the deceased, may be.” — Session Acts 1811, page 182, sec. 5.
The present case is not, however, of a character which, we apprehend, ought to be construed to come within the provisions of the section just cited. It is an action brought for an injury to the freehold, and not for a personal injury ; and it is only actions for personal injuries, that are declared not to die with the person, by the section. It is true, there is a provision in the section, which declares, “that for any other injury than those therein excepted, an action may be brought and maintained by executors or administrators,” &c. but the exceptions contained in the section relate exclusively to personal injuries ; and the other injuries, not excepted, for which an action may be maintained by the executor or administrator, must be understood to be such other personal injuries as for which the action was previously declared by the first clause of the section, not to cease or die with the person. And, according to the latter sentence contained in the section, it is only where the plaintiff or defendant to such actions as may not die with the person, shall die, that the action may be revived in the name of the executor or administrator.
“It follows, that the action was improperly revived in the name of the executrix; and consequently, the judgment recovered by her must be reversed with costs, the cause remanded to the court below and the suit abated, in consequence of the death of M’Afee, the person by whom it was commenced.