## L. C. Sailsberry vs. Robert Sailsberry.

(Decided November 23, 1910.)

### Appeal from Floyd Circuit Court.

1. Contribution—Joint Liability—Payments Adjusted.—Where three brother, G., L. & R., executed a note and each executed a mortgage on his own land to secure it and R. being insolvent, G., who had bought the land mortgaged by R., paid two-thirds of the debt, and L. one-third, in a suit G. against L. for contribution, held that the land mortgaged by L. must first be subjected for his one-third of the debt and that G. is liable for only one-half of the deficiency if any.

2. Transcript—Schedule Filed Without Notice.—A transcript is not incomplete though made out under a schedule filed without notice where the whole record, since the former appeal, is brought up and the old record is placed with the new.

JAMES GOBLE, for Appellant.

WALTER S. HARKINS and JOSEPH D. HARKINS, for Appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On March 28, 1861, Greenville Salisberry, Lackey Sailsberry and Robert Sailsberry executed to J. M. Burns a note for $199.20 and a mortgage on certain lands

owned by them to secure it. Burns instituted an action against them about the year 1869 on the note and the mortgage; and a final judgment was entered in that case about the year 1880. Prior to July 26, 1890, Lackey Sailsberry paid Burns one-third of the judgment; and on July 26, 1890, Greenville Sailsberry paid to him the remainder of it. Thereafter in 1890 Greenville Sailsberry brought this suit against Lackey and Robert Sailsberry alleging that he was their surety in the note; that Robert was insolvent and praying a judgment against Lackey Sailsberry for the amount that he had paid. Robert did not answer, but Lackey filed an answer in which he alleged that they were all three principals in the note, and that he had paid his one-third of the debt. The case being submitted upon the proof which the parties had taken which showed clearly that they were all principals in the note, the circuit court entered a judgment in favor of Greenville Sailsberry against Lackey for $68, and adjudged a sale of Lackey's land to pay it. From this judgment Greenville Sailsberry appealed. It was held by this court that Robert being insolvent Lackey Sailsberry was bound in law to pay one-half of the debt for which they were all equally bound as principals. But it was shown in the proof that a small part of the debt was an individual debt of one of them, and it was held that for this Greenville could not recover against Lackey as it was barred by limitation when he paid it. Concluding its opinion, the court said:

"The court below should have ascertained the amount which had been paid Lackey Sailsberry, and the amount which had been paid by Greenville Sailsberry on the debt to Burns and treated it as their joint debt (as Robert was insolvent), and made each pay an equal amount in the discharge of the debt due Burns, except the small part which was the individual debt of Lackey Sailsberry, and this amount should be deducted in ascertaining the joint liability of the parties. As to this small part of the judgment the statute of limitations had barred the right of Burns to collect it from the appellant, as he was only surety therefor. When the appellant paid that part he was a volunteer, and is not entitled to recover it."

After the return of the case to the circuit court Greenville Sailsberry died and within a year after his death, a petition was filed in the name of his personal represen-

tative and heirs at law, praying that the action be revived in their names, and process was duly served on the petition. But no order of revivor was in fact entered until after a year. By section 510 of the Code a revivor may be made by a petition, and when the petition is filed in time, it is not material that the order is not in fact entered until after the time for revivor has expired. Hall v. Snipes, 10 R. 435.

After the case had been revived, L. C. Sailsberry who had bought the land of Lackey Sailsberry which was sought to be subjected and had been made a party defendant to the action, tendered an amended answer in which he alleged that the land of Robert Sailsberry was mortgaged to Burns to secure the debt, as well as the land of Lackey Sailsberry and Greenville Sailsberry; that Greenville Sailsberry had purchased from Robert his land that was mortgaged with full knowledge of the mortgage lien and subject to it. He prayed that Robert Sailsberry's land in the hands of Greenville Sailsberry be subjected for the payment of Robert's part of the debt before the land of Lackey Sailsberry was subjected to its payment. The court refused to allow the amended answer and counterclaim to be filed; and the case being submitted, he entered a subject against Lackey Sailsberry's land for one-half of the amount which Greenville Sailsberry had paid on the debt. From this judgment L. C. Sailsberry appeals.

It is manifest that the judgment does not follow the mandate of this court. There is no doubt under the evidence that Lackey Sailsberry paid one-third of the debt, and Greenville Sailsberry two-thirds, being his one-third and Robert's one-third. All that Lackey Sailsberry owes Greenville Sailsberry in any event under the mandate of this court is one-half of Robert's third, and in determining this the court should have deducted the individual debt referred to in the former opinion. From all the evidence we now fix the amount of this individual debt on July 26, 1890, at $53.87, which leaves the amount paid by Greenville Sailsberry $421.22. One-half of this, $210.61, should have been paid by Robert. But it is manifest that although Robert is insolvent, still, as his land was mortgaged as well as the land of his brothers, his part of the debt should be enforced first against his land before any part of the land of his brother is sold for its

payment. The court should have allowed the amended answer and counterclaim filed. This matter was not presented on the former appeal of the case; for the facts had not then been pleaded, and the proof in the case did not show them. They appeared for the first time in the amended answer and counterclaim. Greenville Sails-berry or his representatives cannot subject Lackey's land for Robert's part of the debt until Robert's land that was mortgaged to secure his part of the debt has been exhausted. If Robert's land fails to bring enough to pay his part of the debt, then Lackey's land may be sold to pay one-half of the deficiency. On the return of the case the circuit court will allow the amended answer and counterclaim to be filed.

The transcript is not incomplete. It is true that where an appeal is granted by the clerk of this court, notice must be given if a schedule is filed by the appellant directing less than the whole record to be copied for this court. But in the case at bar, the appellant has brought up the entire record since the last appeal, and has placed the old record with the transcript; so that we have before us a complete record.

Judgment reversed and cause remanded for further proceedings consistent herewith.