## Sackett v. Grinstead.

(Decided June 1, 1917.)

Appeal from Leslie Circuit Court.

Executors and Administrators—Abatement and Revival—Dismissal.—Where, in a suit to recover damages for the cutting of timber on lands alleged to be owned by the plaintiff, one of the defendants died before a trial of the case, making his wife executrix and sole devisee of his will and she qualified and acted in such capacity until her marriage more than eighteen months later; the filing by the plaintiff before the executrix's marriage, and within a year of her qualification, of a supplemental petition for a revivor of the action against her as executrix, upon which the executrix was summoned, in the absence of the entering of an order of revivor, did not have the effect to revive the action against her as executrix. And, even if such order of revivor had been made, as the subsequent marriage of the executrix ended her power as such and terminated the trust, the fact that no order of revivor was made after such marriage, either against the personal or real representatives of the testator, of itself authorized the dismissal of the action. Hence, the judgment of the circuit court dismissing the action as to the estate of the deceased defendant was not error.

CLEON K. CALVERT for appellant.

EDGAR H. DUNN and JAMES H. JEFFRIES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

This action in trespass *quare clausam fregit* was instituted December 8, 1909, by the appellant, F. M. Sackett, in the court below against the Kentucky Coal Lands Company, Wm. B. King, and James Asher, to recover of them $5,000.00 damages claimed for the cutting of timber by them on certain lands described in the petition, of which appellant claimed to be the owner and in the possession.

On February 8, 1910, the defendant, Kentucky Coal Lands Company, filed a separate answer to the petition, alleging its ownership of the title to that portion of the lands, described in the petition, from which the timber was cut, and that it had sold the timber cut to the defendants, King and Asher, and had authorized the cutting and removal thereof by them. At the same time King and Asher filed their joint and separate answer to the petition, admitting the cutting of the timber in question, but denying that appellant owned the title to the land from which it was cut, and alleging that the cutting of the timber by them was under a license from their co-defendant, Kentucky Coal Lands Company, which claimed to be the owner of the land. Issue was joined on these pleas by the replies of the appellant.

On November 5, 1910, and before a trial of the case, William B. King, who was a resident of Bell county, died, leaving a last will, which, shortly thereafter, was duly probated in the county court of Bell county, and admitted to record in the office of the clerk thereof. By this will he devised his entire estate to his wife, Dora B. King, who was named in the will as executrix thereof without bond. The latter accepted the appointment, duly qualified as executrix in the Bell county court and continued to act as such until her marriage to Robert H. Grinstead, July 23, 1914; which marriage, by reason of the provisions of section 3845, Kentucky Statutes, had the legal effect to annul her further right to act as executrix of the will of William B. King, deceased, and avoid the trust created in her thereby. It does not appear from the record whether any settlement was made of the testator's estate by her as executrix, or whether there was an appointment of an administrator *de bonis non* with the will annexed, after her marriage to Grinstead.

On September 4, 1911, which was before the marriage of Dora Belle King, now Dora Belle Grinstead, to her

present husband, and within one year, and after the expiration of six months from the time she qualified as executrix of the will of William B. King, deceased, the appellant filed a petition in the lower court for a revivor of the action against her, both as the real and personal representative of King, upon which she appears to have been brought before the court by summons, but no order of revivor was then, or at any time thereafter, asked by the appellant or entered by the court.

From that time until February 8, 1916, the case was continued by agreement or without objection from term to term, but on the date last mentioned the appellee, Dora Belle Grinstead, entered in the court below a motion to dismiss the action as to her and as to the estate of William B. King, upon the ground that there had been no revivor of the action subsequent to her qualification as executrix of the will of William B. King, deceased, or after her marriage to Robert H. Grinstead. This motion was sustained and the action dismissed as to the appellee and the estate of William B. King, deceased. To these rulings appellant at the time excepted, and from the judgment manifesting same, he now prosecutes this appeal.

The Civil Code, section 500, sub-section 3, declares in what state of case the death of a party to an action, or the cessation of his power as a personal representative or other fiduciary, will render a revivor of the action necessary. Section 501 provides that the order of revivor may be made on the motion or petition of any party to the action, or of his representative or successor, suggesting the death or cessation of power, which, with the name and capacity of the representative or successor, shall be stated in the order. Section 505 provides: "If a year elapse after the death of a defendant, and no person qualify as his personal representative, the action may be revived against his real representatives or any of them."

Section 507 provides that an order to revive an action against a personal representative of a defendant or against him and the real representatives of the defendant cannot be made, unless by consent, within six months after the qualification of the personal representative.

Section 508 provides: "An order to revive an action against the representative or successor of a defendant shall not be made, without his consent, unless within one year after the time when it could have been first made."

Section 509 provides: ''An order to revive an action in the name of the representative or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made; except that, if the defendant shall also have died, or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section (508).''

Section 510 provides: ''If it appear to the court, by affidavit, that either party to an action has been dead, or, if he sue or be sued as a personal representative, that his powers have ceased for a period so long that the action cannot be revived in the name of his representative or successor without the consent of both parties, it shall order the action to be stricken from the docket.''

The dismissal of the action in the instant case was made after the filing by appellees of the affidavit required by section 510 and the giving of notice to appellant that the motion for its dismissal would be made as of the date indicated by such notice. It is manifest that the filing by appellant of the supplemental petition to obtain a revivor of the action against appellee as executrix of the will of William B. King, though done within a year of the latter's death and of the qualification of the executrix, did not accomplish the object in view, as no order of revivor was then or at any time thereafter asked for or entered. The order of revivor is indispensably necessary. The filing of the petition more than six months after appellee's qualification as executrix and within a year after the death of King, together with the service on appellee of the summons issued thereon, entitled appellant to the order of revivor, which, as the petition therefor was filed in time, might have been entered after the expiration of the year. In Sailsberry v. Sailsberry, 140 Ky. 731, in passing on this question, we said:

''After the return of the case to the circuit court, Greenville Sailsberry died, and within a year after his death a petition was filed in the name of his personal representative and heirs at law, praying that the action be revived in their names, and process was duly served on the petition. But no order of revivor was in fact entered until after a year. By section 510 of the code a revivor may be had by a petition, and when the petition is filed in time, it is not material that the order is not, in fact, entered until after the time for revivor has expired. Hall v. Snipes, 10 R. 425.''

As previously stated, no order of revivor was entered in the instant case at all. Hence, the action was never revived against appellee as executrix of the will of William B. King. Newman's Pleading and Practice, section 614-e; Hull v. Deatly's Admr., 7 Bush 687; Bardstown & Green River T. Co. v. Howell's Admr., 13 R. 563; Thomson's Admr. v. Williams, Receiver, 86 Ky. 15.

If, however, it should be conceded for the purposes of this case that the filing of the supplemental petition and the service upon appellee as executrix of the summons thereon constituted a revivor of the case as to her without an order to that effect, that fact could not have interfered with her right to demand the dismissal of the action as to her, and also as to the estate of William B. King; or have deprived the circuit court of the authority to dismiss the action, as was done, because of appellant's failure after the second marriage of appellee to revive it against the personal representative (appellee's successor), or against the real representative of King.

Section 3845, Kentucky Statutes, provides: ''A married woman shall not be appointed executor or administrator. The marriage of a woman acting as such shall avoid the trust, and her husband shall not act as such in right of the wife. . . .''

In Duhme v. Young, 3 Bush 343, and Tribble v. Broaddus, 15 R. 324, it was held that the marriage of an administratrix or executrix *ad instanter* terminates her authority as a personal representative, and an action against her after that event will not lie to establish a debt against the estate.

It will be observed that the several sections of the code, *supra,* require a revivor when the powers of the personal representative cease, whether by death or marriage; in view of which, and the other authorities referred to, it is clear that the appellant could not, even if there had been a proper revivor of the action before the second marriage of appellee, after her second marriage further prosecute his action against her or the estate of William B. King without reviving it either against her successor as personal representative or against William B. King's real representatives.

It is patent, therefore, that the judgment of dismissal was authorized upon two grounds: First, because no order of revivor was ever made or entered in the case subsequent to the death of the original defendant, William B. King, and prior to the marriage of appellee, al-

though more than eighteen months elapsed between his death, the probating of his will and the qualification of appellee as the executrix thereof, and the date of the latter's marriage to Robert H. Grinstead. Second, because, although more than eighteen months elapsed between the second marriage of appellee and the dismissal of the action, no order of revivor was asked or entered against the personal representative or real representatives of William B. King, after such marriage of appellee.

For the reasons indicated, the judgment of the circuit court is affirmed.