# Wood-Mosaic Company v. Fish's Administratrix et al.

. (Decided November 18, 1930.)

C. C. WILLIAMS for appellant.

B. J. BETHURUM for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant instituted its action originally against G. C. Fish and J. Fish, seeking to recover damages on an injunction bond which had been executed by them. G. C. Fish died after the institution of that action, and Lura Fish was appointed administratrix. The cause of action was not revived, and no attempt was made to revive it for about two years. In such actions there must be a revivor within one year unless the action is revived by consent. Section 508, Civil Code of Practice. When appellant could not obtain the consent to revive the action, and, after the expiration of one year, he dismissed the suit without prejudice. Thereafter it instituted another suit on the same cause of action against the administratrix of the estate of G. C. Fish and against J. Fish. The administratrix filed an answer in two paragraphs. In the second paragraph she alleged that the suit had been formerly instituted against G. C. Fish, and that after his death there was no revivor for more than one year, and because of this fact the right of action was barred and could not be maintained. The trial court overruled a demurrer to this paragraph of the answer. It followed, as a matter of course, that the petition was dismissed as against the administratrix. J. Fish then filed an answer in which he alleged that, as G. C. Fish, the principal in the bond, had been released that he (the surety) was also released. The court overruled a demurrer to this answer, and the suit was dismissed as to J. Fish. From the judgments thus rendered this appeal is prosecuted.

, It is not disputed that the first action was dismissed without prejudice. The question to be determined is whether another action could be instituted on the same grounds. The right of action was not barred by the statute of limitation. If the failure to revive the original

action within one year constituted a bar to the right of action, then the judgment of the trial court dismissing the second suit against the administratrix was correct. It has been held by this court that, where there is not a revivor within twelve months after the death of a party against which a suit is prosecuted, the action should be dismissed. Sackett v. Grinstead, 176 Ky. 91, 195 S. W. 103. Section 510 of the Civil Code of Practice provides that an action which cannot be revived under the provisions of the Code shall be stricken from the docket upon proper motion.

It is the conclusion of the court that a failure to revive an action within the time provided by the Code bars only the prosecution of that particular action and does not bar the cause of action. Limitation continues to run, but, if at the time of the dismissal of the action without prejudice the right of action is not barred, the plaintiff may institute a new suit on the same cause of action. 1 C. J. 26. It is suggested by counsel for appellees that the case of the City of Louisville v. Hughes, 97 S. W. 1096, 30 Ky. Law Rep. 231, announced a different rule, but in this counsel is in error.

The trial court should have sustained the demurrer to the second paragraph of the answer of the administratrix and also should have sustained the demurrer to the answer of J. Fish, and the case should proceed to trial on the merits.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.