**W. A. ROBISON, Administrator of the Estate of Bertha Jensen, also called Bertha D. Jensen, Plaintiff,**

v.

**Guy JONES and Myrtle Jones, husband and wife, Defendants.**

**Civ. A. No. 364.**

United States District Court
W. D. Arkansas,
Fayetteville Division.

Feb. 4, 1958.

Greenhaw & Greenhaw, O. E. Williams, Fayetteville, Ark., for plaintiff.

W. B. Putman, Fayetteville, Ark., Carl Stewart, Huntsville, Ark., Lee Seamster, Fayetteville, Ark., for defendant.

JOHN E. MILLER, District Judge.

As is increasingly the case in modern-day litigation the Court once again is called upon to determine whether there is a genuine issue as to any material fact, or whether a party is entitled to a summary judgment as a matter of law. Rule 56, F.R.C.P., 28 U.S.C.A.[1] In the instant action the defendants have moved for summary judgment upon two principal grounds: (1) that the action

is barred by the statute of limitations, and (2) that the action is barred by res judicata. Plaintiff vigorously denies that defendants are entitled to a summary judgment in their favor.

Specifically, plaintiff contends that the statute of limitations had not run at the time of the filing of the instant suit, and that the abatement of the action in the Madison County Circuit Court did not destroy the cause of action therein involved and did not prevent plaintiff from bringing a new suit on the same cause of action.

The material facts are undisputed, and as shown by the record are as follows:

On March 16, 1956, Bertha Jensen, also called Bertha D. Jensen, filed an action against Guy Jones and Myrtle Jones in the Circuit Court of Madison County, Arkansas. In the complaint plaintiff alleged that during the period from April to November, 1954, she loaned defendants the total sum of $4,000, which was to be repaid upon request; that numerous requests for repayment were made but defendants failed to do so. Plaintiff prayed judgment in the sum of $4,000, plus interest.

Service of summons was had on Guy Jones and Myrtle Jones on March 16, 1956, and on March 23, 1956, said defendants filed a demurrer to plaintiff's complaint.

On July 13, 1956, Bertha D. Jensen died in the State of California, and on July 30, 1956, W. A. Robison was appointed Administrator of her estate with the will annexed by the Probate Court of the City and County of San Francisco, State of California.

On September 3, 1956, which was the first Monday in September, the Circuit Court of Madison County, Arkansas, was in session, and the action could have been revived in the name of W. A. Robison, Administrator. However, no proceedings were taken at that time to revive the action.

[1]. For an excellent article on summary judgments, see Honorable Harry J. Lemley, "Summary Judgment Procedure— Its Use and Abuse", 11 Ark.Law Review, p. 138 et seq.

On September 18, 1956, the defendants, Guy Jones and Myrtle Jones, filed an answer denying each and every material allegation contained in the complaint. The action was still styled Bertha D. Jensen v. Guy Jones and Myrtle Jones, and there was nothing in the record to indicate the death of Bertha D. Jensen. On March 25, 1957, certain requests for admission of facts were filed by "Bertha D. Jensen, Plaintiff." On April 2, 1957, the defendants, Guy Jones and Myrtle Jones, filed their answers to said requests for admission of facts.

On August 27, 1957, the defendants filed an amendment to their answer, setting out in detail their alleged defense on the merits.

On November 7, 1957, W. A. Robison, Administrator, filed a motion to revive the action in the Circuit Court of Madison County, Arkansas, in his name as Administrator of the Estate of Bertha D. Jensen, deceased.

On November 19, 1957, the defendants, Guy Jones and Myrtle Jones, filed a response to the motion to revive, and included therein a motion to abate the cause of action since the motion to revive was filed more than a year after the action could have been revived.

On January 7, 1958, the Circuit Court of Madison County, Arkansas, entered a judgment denying Robison's motion to revive and striking the case from the docket on the ground that the motion to revive was filed more than one year after the date upon which the case could have first been revived.

Apparently the judgment was based on Secs. 27–1012, 27–1017, 27–1018, Ark. Stats. 1947, Annotated, and is as follows:

"Now on this 7th day of January, 1958, comes on to be heard the motion of W. A. Robison as Administrator of the estate of Bertha D. Jensen, deceased, to revive this action in the name of said administrator as plaintiff, and the response and affidavit filed thereto by the defendants. The defendants being present by their attorneys, Lee Seamster and Carl Stewart, and the administrator, W. A. Robison, failing to appear in person or by attorney, although notified of the date of the hearing of these motions, the Court being advised in the premises from the pleadings, the records and evidence, finds:

"That on March 16, 1956, Bertha D. Jensen filed a suit against Guy Jones and Myrtle Jones to recover the sum of $4,000.00 alleged to be money loaned between April, 1954, and about the middle of November, 1954.

"That on July 13, 1956, the plaintiff, Bertha D. Jensen, died testate and on July 30, 1956, the said W. A. Robison was duly appointed administrator with the will annexed of the estate of the said Bertha D. Jensen or Bertha Jensen by the Superior Court in and for the City and County of San Francisco, California, Probate Division.

"That this cause could have been revived on the first Monday in September, 1956, which was the next day this Court was in session after the death of the said plaintiff, Bertha D. Jensen. That this Court was in session on the first Monday in September, 1956, it being the first day of the regular term of this Court. That the motion to revive by the said administrator was filed on the 7th day of November, 1957, and was filed more than one year after said order of revival could have been made. That the defendants refuse to consent to the making of an order of revival.

"Therefore, it is considered, ordered and adjudged by the court that the motion to revive be denied and the case is stricken from the docket at the cost of plaintiff's estate.

"/s/ Maupin Cummings
"Circuit Judge"

In the meantime, on December 20, 1957, W. A. Robison, Administrator of the Estate of Bertha D. Jensen, filed the instant action against Guy Jones and Myrtle Jones in this Court. It is alleged

here that plaintiff is the Administrator of the Estate of Bertha D. Jensen, deceased, and is a citizen of the State of California; that defendants are citizens of Madison County, Arkansas; and that the matter in controversy exceeds the sum of $3,000.

It is further alleged that:

"Defendants owe plaintiff's testate the sum of $4,000.00 for money lent defendants from June 21, 1954, to September 8, 1954, which was repayable upon request. That request for part payment was made shortly after January 1, 1955 and later demand was made for payment in full and defendants have failed to pay same or any part thereof."

Plaintiff prays judgment against defendants for $4,000, plus interest and costs.

On January 21, 1958, defendants filed their motion for summary judgment, and on January 31, 1958, plaintiff filed his response thereto. The parties have filed briefs in support of their contentions, and the motion for summary judgment is now ready for final disposition.

It may be stated at the outset that plaintiff concedes that the action filed by Bertha D. Jensen against the defendants in Madison County Circuit Court abated upon her death on July 13, 1956, and was not revived in the name of the Administrator as required by law. Plaintiff contends, however, that the "cause of action" survived, and he is at liberty to bring a new suit on said cause of action.

The right of the plaintiff to bring the instant action is controlled entirely by the Arkansas law. If, under the Arkansas law, he could maintain a new action in a state court even though the original action had been abated, he could by the same token bring a new action in this Court. Conversely, if under the Arkansas law the abatement of the first action barred his right to institute a new one in the state court, it would also bar him from bringing such an action in this Court. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832.

In Angel v. Bullington, supra, the court, beginning at page 186 of 330 U.S. at page 659 of 67 S.Ct., said:

"2. The judgment of the Supreme Court of North Carolina would clearly bar this suit had it been brought anew in a state court. For purposes of diversity jurisdiction a federal court is, 'in effect, only another court of the State.' Guaranty Trust Co. of New York v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079; see Madisonville Traction Company v. Saint Bernard Mining Company, 196 U.S. 239, 253, 25 S.Ct. 251, 256, 49 L.Ed. 462; Ex parte Schollenberger, 96 U.S. 369, 377, 24 L.Ed. 853. * * *

*    *    *    *    *

" * * * The essence of diversity jurisdiction is that a federal court enforces State law and State policy. If North Carolina has authoritatively announced that deficiency judgments cannot be secured within its borders, it contradicts the presumptions of diversity jurisdiction for a federal court in that State to give such a deficiency judgment. North Carolina would hardly allow defeat of a State-wide policy through occasional suits in a federal court. What is more important, diversity jurisdiction must follow State law and policy. A federal court in North Carolina, when invoked on grounds of diversity of citizenship, cannot give that which North Carolina has withheld. Availability of diversity jurisdiction which was put into the Constitution so as to prevent discrimination against outsiders is not to effect discrimination against the great body of local citizens."

The statute in question, Sec. 27–1017, Ark.Stats.1947, Annotated, provides:

"An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one (1) year

from the time the order might have been first made, except that, where the defendant shall also have died or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section."

As heretofore noted, plaintiff admits that this statute was not complied with, and the specific question involved is whether failure to comply with the statute bars the maintenance of a new suit on the same cause of action.

■ The Court agrees with plaintiff's contention that there is a clear difference between the abatement of a pending action and the survivability of the cause of action involved. Fix v. Philadelphia Barge Co., 290 U.S. 530, 54 S.Ct. 270, 78 L.Ed. 481; 1 Am.Jur., Abatement and Revival, Sec. 79. Whether or not the abatement of an action bars a new suit depends upon the state law. In 1 C.J.S. Abatement and Revival § 179, beginning at page 230, it is said:

"It is a general rule that a failure to apply for revival within the time prescribed by statute is fatal; the suit abates and is subject to dismissal, or judgment may be entered for the adversary; it will be erased from the docket, provided objection to the late entry of the substituted party is seasonably made; it cannot be prosecuted further and according to some (citing Arkansas cases), but not other, authorities, the cause of action is barred and a new suit on the same cause of action cannot be commenced."

■ A study of the Arkansas decisions convinces the Court that under the Arkansas law the abatement of an action and the subsequent failure to revive under Sec. 27–1017, Ark.Stats., bars the bringing of a new suit on the same cause of action.

In Woolfolk v. Davis, 225 Ark. 722, 727–728, 285 S.W.2d 321, 324, the court said:

"The appellees herein are barred from claiming any interest in the property as heirs of Ham Davis. At the time of his death, Ham Davis had pending a suit against the appellants and appellees for the purpose of having his rights determined in the land here involved, and to have such rights enforced by the court. The appellants were in possession of the land and the suit of Ham Davis was to determine his interest in the property as against appellants. When Ham Davis died the suit abated, subject to the right of his heirs to have the action revived within one year from the next session of court after his death. They failed to have the cause revived within the time and manner provided by Ark.Stats., 1947, Sections 27–1012 to 27–1017.

"The failure of the appellees to revive the action is a complete bar to any claim the appellees might have as heirs of Ham Davis in the property herein involved. See Anglin v. Cravens, 76 Ark. 122, 88 S.W. 833; Keffer v. Stuart, 127 Ark. 498, 193 S.W. 83."

To the same effect, see, Hill v. Brittain, 178 Ark. 784, 12 S.W.2d 869; Blake v. Thompson, 176 Ark. 840, 4 S.W.2d 514.

Plaintiff attempts to distinguish the instant case from the cited cases, but the attempt fails. The Arkansas Supreme Court, whether rightly or wrongly, has held that the abatement of an action and the failure to revive within the statutory time completely bars any claim based upon the same cause of action. While this may not be the law in some other jurisdictions,[2] it is the law in Arkansas and must be followed by this Court.

It follows from the above that plaintiff cannot maintain the instant suit and that defendants are entitled to a summary judgment in their favor as a matter of law.

2. Rock Island Improvement Co. v. Davis, 195 Okl. 513, 159 P.2d 728; Wood-

Mosaic Co. v. Fish's Adm'x, 236 Ky. 86, 32 S.W.2d 713.

The conclusion of the Court as to the effect of the abatement of the state court action makes it unnecessary for the Court to determine whether the instant suit is also barred by the general statute of limitations.

A judgment in accordance with the above is being entered today.

This 4th day of February, 1958.