**GREYHOUND CORPORATION et al.,**
Appellants,

v.

**C. B. DOWLING, Administrator of Estate of
Roslyn B. Connell, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1960.

Rehearing Denied May 6, 1960.

Stoll, Keenon & Park, Lexington, Stokes A. Baird, Munfordville, for appellants.

Davis Williams, Munfordville, for appellee.

CLAY, Commissioner.

Roslyn Connell, a passenger in a Greyhound bus, was injured when the bus was involved in an intersection collision. She died during the pendency of the suit, and revivor was sought by appellee as administrator. Upon a trial the jury awarded appellee $5,346.84 (which was the exact amount claimed for medical expenses)

against defendant appellants Greyhound Corporation and its driver.

■ The first contention made by appellants is that appellee's complaint should have been dismissed because the order of revival was not entered within one year after the date of the death of Mrs. Connell, as required by KRS 395.276 and 395.277. Appellee's amended complaint, which may be considered a motion to revive, was filed within one year after Mrs. Connell's death. The order of revival was not entered until six weeks after the one year period had expired.

■ The statutes use the word "order". Since a party has a right to revive an action, we believe the time limitation was intended to apply to an application to obtain such order. In both Sackett v. Grinstead, 176 Ky. 91, 195 S.W. 103, the case upon which appellants rely, and Sailsberry v. Sailsberry, 140 Ky. 731, 131 S.W. 802, it was recognized that the time of the entry of the order is not material if a petition for revivor is filed (and notice given) within the one year period. We find no merit in the first contention.·

Appellants next claim they were entitled to a directed verdict. This contention cannot be sustained in view of (1) the duty of the bus driver to exercise the highest degree of care, (2) the evidence of excessive speed, and (3) the nature of the accident at an intersection known to be dangerous by the driver.

■ Appellants' next contention is that the court improperly instructed the jury appellee could recover for pain and suffering of Mrs. Connell, because the medical evidence did not show with certainty that her pain and suffering resulted from this accident. The simple answer to this contention is that the appellants could not have been prejudiced by the giving of the instruction since the jury verdict did not award anything on this item of damages. The amount awarded covered only the proven medical expenses. Appellants admit that in their brief.

■ If we convert this contention into an argument that the jury could not allow the claimed medical expenses because Mrs. Connell suffered from other diseases or ailments, appellants still have not sustained their position. There is ample evidence that the accident caused an injury to Mrs. Connell's spleen necessitating a major operation. There was adequate evidence that the operation resulted in substantial pain and suffering which required medical attention. The fact that Mrs. Connell had other ailments does not insulate her pain and suffering from the injury caused by the accident. Mrs. Connell had been in good health prior to the accident, and thereafter she remained almost constantly in the hospital until her death about a year later. While it is rather difficult to trace each and every item of medical expense to the injury, there was sufficient competent evidence upon which the jury could make a reasonable estimate, and the difficulty of determining these damages cannot free appellants from liability. We conclude that the damages allowed for medical expenses were justified on this record.

Appellants contend the court admitted incompetent testimony, but our examination of it indicates it was either competent, or if incompetent, it was not prejudicial.

The last contention made by appellants is that the appellee administrator should not have been permitted to recover all of Mrs. Connell's medical expenses or they should have had credit on the judgment for those expenses actually paid by the husband. It appears from the evidence that her husband had paid a substantial portion thereof.

■ If appellants were liable for injuries sustained by Mrs. Connell, they were likewise liable for all medical expenses directly incurred by reason thereof. Who is reimbursed for those expenses is a matter of no concern to appellants as long as only

one recovery is allowed. This was recognized in Dunaway v. Darnell, Ky., 323 S.W.2d 857. In Louisville & N. R. Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707, we held that where two parties have an interest in the recovery of one item of damages, one party may maintain the action for the benefit of both (subject to the right of the defendant to require both claimants to be made parties to the suit.) The precise question we have before us was settled adversely to appellants' contention in Cincinnati, N. O. & T. P. Ry. Co. v. Myers, 165 Ky. 700, 178 S.W. 1038. See also Chicago, D. & G. B. Transit Co. v. Moore, 6 Cir., 259 F. 490, 170 C.C.A. 466; Aubel v. Sosso, 72 Cal.App. 57, 236 P. 319; Baltimore Transit Co. v. Harroll, 217 Md. 169, 141 A.2d 912.

The judgment is affirmed.