**NEW FARMERS NATIONAL BANK, Administrator of Louise Williams, Deceased, Appellant,**

v.

**Guy W. THOMAS, Jr., Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1967.

Robert C. Carter, Glasgow, for appellant.

Richardson, Barrickman & Dickinson, Glasgow, for appellee.

CHESLEY A. LYCAN, Special Commissioner.

On March 18, 1963, Louise Williams filed this action for damages against Guy W. Thomas, Jr., for personal injuries received in an automobile collision December 23, 1962. On April 12, 1963, Guy W. Thomas, Jr., filed his answer and counterclaim. The case was tried by jury and the jury could not agree.

Louise Williams died February 27, 1964, survived by a daughter, age nine. The New Farmers National Bank of Glasgow, Glasgow, Kentucky was appointed administrator of her estate on April 7, 1964, and on the same day was appointed guardian of the infant child of Louise Williams.

On March 18, 1965, Thomas moved the court to dismiss the action because of the failure to revive the action pursuant to KRS 395.277 within one year after the death of the plaintiff, Louise Williams. On March 22, 1965, the plaintiff moved that the action be revived in the name of the New Farmers National Bank, which had been appointed administrator on April 7, 1964. The court dismissed the action "for failure to revive in compliance with KRS 395.277." This statute provides:

"KRS 395.277 When representative or successor may revive action; limitation.

An order to revive an action in the name of the representative or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made; except that, if the defendant shall also have died, or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section."

In Hale v. Commonwealth, 71 S.W. 902, 24 Ky.Law.Rep. 1573, the facts show that the death of the appellant was suggested of record but no order of revivor was entered. On January 5, 1903, the appellee moved to dismiss because the action had not been revived within one year. This court held that the motion should be sustained and that the case be stricken from the docket.

■ In Greyhound Corporation v. Dowling, Ky., 334 S.W.2d 259, the plaintiff died during the pendency of the action and an amended complaint was filed within one year from her death seeking revival of the action. The actual order of revival was not made until one year and six weeks after the plaintiff's death. It was held that the action was revived. The time limitation applies to the application and notice given in one year, although the actual order is not entered until after one year.

■ It is pointed out in Norfolk & Western Ry. Company v. McCoy, 288 Ky. 458, 156 S.W.2d 493, 495 that: " * * * a remedial or curative statute, which grants a right or provides a remedy, must be strictly followed in all respects." Our inquiry then is when could the order have first been made?

■ The death of Louise Williams could have been suggested of record forthwith and an administrator could have been appointed upon the expiration of the five (5) day notice required by KRS 395.016. No reason was assigned for waiting until April 7, 1964 for the appointment of a personal representative. Under the civil rules it is necessary to plead limitation, CR 8.03, and to plead in avoidance of limitations, CR 8.04. The pleadings, consisting of the motion to dismiss for failure to revive and the response and motion to revive, taken together adequately raise the issue. The one year period for revivor provided by KRS 395.277 cannot be extended to one year and twenty four days under the facts shown by this record. Wilful or accidental failure to promptly appoint a personal representative

cannot be grounds to stop the running of the statute.

 The appellant submits that the one year limitation provided in KRS 395.277 does not govern this case because of the infancy of the daughter of Louise Williams. KRS 411.140 provides that the action survives to the personal representative. The infant in her own right could not maintain the action. KRS 395.277 does not have any exception or saving clause in favor of infants or persons under any other disability.

 The appellant contends that KRS 413.170(1) which contains the exception and saving clause in favor of persons under disability, is applicable to the instant case. This is not a death action, but an action for personal injury. The personal injury occurred on December 23, 1962. KRS 413.-170(1) began running at this time. The running of the limitation was arrested by the filing of this action on March 18, 1963. Upon the death of Louise Williams the cause of action survived to her personal representative. It was not necessary to bring a new suit. The same suit could be prosecuted in the name of the personal representative if he revived it in the time provided by KRS 395.277. Once a limitation begins running the intervening infancy or other disability of another interested party does not stop the running of the limitation. Elkhorn Land & Improvement Co. v. Wallace, 232 Ky. 741, 24 S.W. 2d 560; 34 Am.Jur. 160, Limitation of Actions, sec. 199.

In the analogous death actions in which the statute provides the action must be brought in one year, the rule is that the action must be brought within one year from the death and not one year from the appointment of an administrator. Faulkner's Adm'r v. Louisville & N. Ry., 184 Ky. 533, 212 S.W. 130. This is true even though the widow and the children, who were infants, were the sole beneficiaries. Van Vactor's Adm'x v. Louisville & N. Ry. Co., 112 Ky. 445, 66 S.W. 4.

 The appellant cannot find relief under KRS 413.180(1) because the cause of action arose December 23, 1962. The limitation would already have run except for the fact that Louise Williams had already brought suit. Revivor after the suit is brought is governed by KRS 395.277. KRS 413.180(1) has no application in this action.

The judgment is affirmed.

All concur.