Gerald DANIEL, Appellant,

v.

FOURTH AND MARKET, INC., et al.,
Appellees.

Court of Appeals of Kentucky.

Nov. 22, 1968.

Josephine P. Hughett, Hughett, Hughett
& Hughett, Louisville, for appellant.

John G. Crutchfield, Jones, Ewen, Mac-Kenzie & Peden, Louisville, for appellees.

PALMORE, Judge.

■ The principal question in this case is whether the provision of KRS 395.277 that an order reviving an action in the name of the representative or successor of a plaintiff "shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been made" is subject to CR 6.02, under which, when an act is required "by statute or by these rules * * * to be done at or within a specified time, the court for good cause shown may * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect;" etc. Our conclusion is that the trial court was correct in holding that the statute is not subject to the Rule.

Gerald Daniel was injured on October 19, 1961, when hit by a falling fragment from a building. On October 17, 1962, he brought suit against appellees, the owner and managers of the building. He died on January 1, 1963. During the following three months the defendants took the depositions of three witnesses to discover the causal relationship, if any, between the injury and death. On April 22, 1963, Daniel's widow was appointed administratrix of his estate and a motion to revive was prepared, but through inadvertence it was not served or filed. The proceeding remained dormant until December 31, 1964, at which time a motion to revive was served with a notice that it would be brought on for hearing on January 15, 1965. Counsel for defendants objected and moved for dismissal of the action on the ground that it had not been timely revived. In due course the motion to revive was overruled, the motion to dismiss was sustained, and the action was dismissed. Meanwhile,

pending final disposition of the case, motions and affidavits sufficient to raise the issue of whether relief could be granted under CR 6.02 were presented.

Our conclusion that the period of time allowed by KRS 395.277 for reviving an action is not subject to enlargement under CR 6.02 obviates consideration of whether in this particular instance the failure to revive within that time resulted from excusable neglect. We shall also overlook, since no one seems to have made a point of it, the fact that the appeal is prosecuted in the name of Gerald Daniel, the decedent, who no longer exists, rather than the administratrix, who sought relief by way of revivor and who therefore is the party aggrieved by denial of that relief.

Appellant's first argument is that although it appears as a statute KRS 395.277 really deals with a matter of procedure and is subject to the rule-making power of the court. However, in determining that it should go into the Statutes instead of the Rules of Civil Procedure the members of the Civil Code Committee who were assigned the task of formulating the Rules evidently thought otherwise. Prior to July 1, 1953, when the Rules became effective, what are now KRS 395.275, 395.276 and 395.277 appeared as Secs. 507, 508 and 509 of the Civil Code. The Civil Code was entirely statutory, having been initially promulgated as an Act of the General Assembly effective August 1, 1851. See Johnson, Harlan and Loughborough's Code of Practice in Civil Cases for the State of Kentucky (1851), which contained the provision under discussion as Sec. 471.

■ There was no authority for survival and revival of a personal injury suit in Kentucky until it was legislated by Ch. 175, Sec. 5, Acts of 1811, effective February 4, 1812. See 4 Litt. 383, 384; Kennedy and M'Coun v. M'Afee's Ex'x, 11 Ky. (1 Litt.) 169 (1822); and Norfolk & W.Ry. Co. v. McCoy, 288 Ky. 458, 156 S.W.2d 493, 494 (1941).[1] Apparently there was no

1. Section 5 of the 1811 Act has been carried forward into KRS 411.140.

specific time limitation until adoption and enactment of the Civil Code in 1851. Nevertheless, since 1851 the limitation has co-existed with the statute creating the right. Certainly the creation of a right of action where none would exist otherwise is a matter of substance and not procedure, and we do not believe it can be successfully contended that a statute of limitation expressly directed to the assertion of that right is, because it affects the remedy rather than the right itself, just a matter of procedure in which the legislative will is subject to modification pursuant to the rule-making power of the courts. At common law, when the plaintiff died the lawsuit died with him, and even under the early survival statute it was necessary to have process on a bill of revivor. Cf. Shields v. Craig's Adm'rs, 22 Ky. (6 T.B.Mon.) 373 (1827). We cite this circumstance to illustrate the point that revivor is not a simple matter of straightening up the record of a lawsuit.

 A personal representative does not automatically succeed to the decedent's rights and status *as a litigant.* He is not a party to the suit, but is permitted by the statutes to raise it from limbo and become a party to it. In this sense a revivor is much in the nature of a new action as distinguished from an act done during the course of a proceeding, and in that respect falls within Clay's comment that CR 6.02 "should not be construed as permitting the extension of time fixed by statute within which a party may initiate an authorized court proceeding." Clay, Kentucky Practice, CR 6.02, Comment 3. In short, Civil Code § 509 was, and KRS 395.277 is, a statute of limitation and not a law "relating to pleading, practice and procedure" within the meaning of KRS 447.151 and 447.156. It has always been strictly construed. See New Farmers National Bank v. Thomas, Ky., 411 S.W.2d 672 (1967).

 CR 25.01(1) provides that if the proper substitution of parties is not made "within the period allowed by law. * * * the action *may* be dismissed as to the deceased party." (Emphasis added.) We construe the word "may" not as arrogating to the courts a discretionary authority, but as recognizing and allowing for those instances in which the right to have the action dismissed has been lost, as by waiver, estoppel, or consent.

 In a reply brief it is reported that in April of 1965 one of the defendants died. Since KRS 395.277 goes on to provide that if the defendant shall also have died the order of revivor on both sides may be made within the period limited in KRS 395.276 (which applies to revivor against the personal representative or successor of a defendant), the argument is made that the plaintiff's right to revive is given new life. In our opinion, however, this particular language of KRS 395.277 merely *extends* the period in which the personal representative of a plaintiff may revive if the defendant dies before that period has expired.

 It is contended further that by taking the three depositions during the interim between Daniel's death and the appointment of a personal representative the defendants waived or became estopped from asserting the right to have the action dismissed. The answer to the waiver argument is that the defendants did not then have any right of dismissal, and had no reason to suppose the action would not be revived in due course.[2] With regard to the theory of estoppel, we do not perceive any basis on which it could be said that the subsequently appointed administratrix could reasonably have relied or did in fact rely on the taking of the depositions as an inducement to refrain from entering into and reviving the action.

The judgment is affirmed.

All concur.

2. We do not imply that the taking of depositions under circumstances in which there was no living adversary on whom to serve notice was proper or legally effective.