RENDERED: JANUARY 14, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2017-CA-1179-MR


CATHY STONE, THROUGH EDWIN
STONE, IN HIS CAPACITY AS THE
EXECUTOR OF THE ESTATE OF
PLAINTIFF, CATHY STONE                                             APPELLANT


ON REMAND FROM KENTUCKY SUPREME COURT
(FILE NO. 2019-SC-0047-DG)


APPEAL FROM JEFFERSON CIRCUIT COURT
v.                HONORABLE BARRY WILLETT, JUDGE
ACTION NO. 15-CI-003483



DEAN DAIRY HOLDINGS, LLC,
d/b/a DEAN MILK COMPANY, LLC;
AND THOMAS PHILP                                                    APPELLEES



OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE: This case is before us on remand from the Kentucky

Supreme Court for further consideration in light of that Court's recent decision in

*Estate of Benton by Marcum v. Currin*, 615 S.W.3d 34 (Ky. 2021). Upon further review, we reverse the Jefferson Circuit Court's order and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

Dean Dairy Holdings, LLC ("Dean Milk") employed Cathy Stone. On July 15, 2015, Ms. Stone filed an action against Dean Milk and Thomas Philp, her former supervisor, based on her claims of discrimination, retaliation, and intentional infliction of emotional distress. Dean Milk and Mr. Philp removed the case to the United States District Court for the Western District of Kentucky on August 10, 2015, alleging that Ms. Stone had fraudulently included Mr. Philp as a party to the action to prevent the federal court from having diversity jurisdiction.

Thereafter, on September 5, 2015, while briefing was underway as to why the federal court should remand the case to Jefferson Circuit Court, Ms. Stone passed away. On December 13, 2015, Ms. Stone's counsel filed a statement with the federal court pursuant to Federal Rule of Civil Procedure ("FRCP") 25(a), noting Ms. Stone's death. Ms. Stone's counsel served the statement on all parties. On December 21, 2015, Carl Edwin Stone, Ms. Stone's husband, filed a motion with the federal court to substitute himself as the named plaintiff in the action, again in compliance with FRCP 25(a). On March 21, 2016, the federal court

granted Mr. Stone's motion for substitution, with the order's caption indicating that Mr. Stone, in his representative capacity, replaced Ms. Stone as the named party.

Ten days later, the federal court remanded the case back to Jefferson Circuit Court on the basis that Ms. Stone had a colorable claim for retaliation against Mr. Philp. On September 14, 2016, a few days after the first anniversary of Ms. Stone's death, Dean Milk and Mr. Philp filed a motion with the circuit court under Kentucky Rule of Civil Procedure ("CR") 12.02(f) to dismiss the lawsuit, alleging that Mr. Stone, as the executor of Ms. Stone's estate (the "Estate"), had failed to file an application for revival of the action within one year of Ms. Stone's death as required under Kentucky Revised Statutes (KRS) 395.278. The Estate did not file a motion to revive the action under KRS 395.278 with the trial court until January 26, 2017, over sixteen months after Ms. Stone's death.

The trial court granted the motion, finding that it must dismiss Ms. Stone's claims because the Estate had failed to properly revive the action in accordance with KRS 395.278 and in contravention of the statute's one-year statute of limitations. The Estate thereafter filed a motion to alter, amend, or vacate the trial court's ruling, which the trial court overruled.

This appeal followed, with the Estate arguing that: (1) Mr. Stone was substituted correctly under the federal rules while the case was pending in federal court, making a motion for revival under KRS 395.278 unnecessary under the

Rules Enabling Act, 28 United States Code (U.S.C.) § 2072; (2) if this Court found that revival was necessary under KRS 395.278, Mr. Stone's motion for substitution under the federal rules was sufficient to revive the action for purposes of KRS 395.278; and (3) if Mr. Stone's motion for substitution under the federal rules was insufficient to revive the action, Kentucky's tolling statute applied and extended the time for the Estate to file a separate motion to revive.

## ANALYSIS

We originally held in this appeal that, because KRS 395.278 and FRCP 25 did not conflict, any analysis under the Rules Enabling Act was unnecessary; that the Estate was required to file a motion in accordance with KRS 395.278 to revive Ms. Stone's claim; that Mr. Stone's motion for substitution under FRCP 25 was not adequate to serve as an application for revival under KRS 395.278; and that the provisions of KRS 413.270 did not toll the un-revived action.

The Supreme Court thereafter granted discretionary review, vacated our decision, and remanded for our reconsideration under the subsequently-decided *Currin* case. In *Currin*, the Kentucky Supreme Court held that "KRS 395.278 is a statute of limitation, and . . . *a motion for substitution properly filed with the court in accordance with CR 25.01(1) within the one-year allotted by the legislature constitutes revival*." 615 S.W.3d at 39 (emphasis added). Thus, while the revival statute – or KRS 395.278 – "grant[ed] a substantive right to the would-be litigant,

-4-

. . . CR 25.01 was the appropriate procedural means by which it was to be achieved." *Id*. at 37 (citing *Daniel v. Fourth & Market, Inc.*, 445 S.W.2d 699, 701 (Ky. 1968)).

Consequently, according to the Kentucky Supreme Court's decision in *Currin*, a litigant need not make a separate motion for revival under KRS 395.278. 615 S.W.3d at 37. Because Mr. Stone took the appropriate steps under federal law to substitute himself as a party in his representative capacity, because Mr. Stone's motion for substitution was ultimately granted by the federal court while the case was still pending in federal court, and because no separate motion for revival was required, we find that Mr. Stone properly complied with all the applicable substitution requirements. *Id*. at 39; *see also Boggs v. Blue Diamond Coal Co.*, 497 F. Supp. 1105, 1107 (E.D. Ky 1980).

## CONCLUSION

Accordingly, we reverse the circuit court's order granting Dean Milk's motion to dismiss for failure to revive and denying the Estate's motion to substitute and revive. Further, we remand this matter to the circuit court for findings of fact and conclusions of law concerning Dean Milk's partial motion to dismiss Ms. Stone's claims for retaliation and intentional infliction of emotional distress against Dean Milk and Mr. Philp, which the circuit court had originally

denied as moot based on its decision to grant Dean Milk's motion to dismiss for failure to revive.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John S. Friend
Robert W. "Joe" Bishop
Tyler Z. Korus
Louisville, Kentucky

BRIEF FOR APPELLEES:

John O. Sheller
Steven T. Clark
Louisville, Kentucky