RENDERED: JANUARY 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0056-MR

KEZIA MCCLAIN AND KESTON
MCCLAIN,[1] ADMINISTRATOR OF
THE ESTATE OF KEZIA MCCLAIN,
DECEASED                                                    APPELLANTS

                    APPEAL FROM MCCRACKEN CIRCUIT COURT
v.                  HONORABLE TIMOTHY KALTENBACH, JUDGE
                    ACTION NO. 18-CI-00425

TREXIS INSURANCE
CORPORATION, SUCCESSOR TO
ALFA VISION INSURANCE
CORPORATION                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

---

[1] The notice of appeal incorrectly names Appellant Kestin McClain as "Keston." The Court utilizes the correct spelling, "Kestin," as denoted in the record.

COMBS, JUDGE:  Kestin McClain, administrator of the Estate of Kezia McClain, appeals an order of the McCracken Circuit Court that denied his motion for revivor and dismissed the underlying civil action.  After our review, we affirm.

In June 2017, Kezia McClain and Jeffrey Williams were involved in a motor vehicle accident.  Nearly a year later, McClain filed a negligence action against Williams.  Three years later, in May 2021, McClain filed a motion to amend her complaint to include a claim against her insurer, Trexis Insurance Corporation (Trexis), the Appellee, for underinsured motorist coverage.  The motion was granted, and Trexis filed its answer.  Williams's insurer tendered its policy limits to McClain in settlement of her claims against him.  Pursuant to *Coots v. Allstate*, 853 S.W.2d 895 (Ky. 1993), McClain duly provided notice to Trexis of the payment of those policy limits to settle her claims against Williams.  The claims against Williams were eventually dismissed by agreed order.

On July 22, 2021, McClain's counsel notified the court of McClain's death on July 11, 2021.  McClain's death was not associated with the motor vehicle accident.  Counsel indicated that a motion for revivor would follow appointment of a personal representative.  A few weeks later, on August 24, 2021, Kestin McClain was appointed to serve as administrator of his mother's estate.  However, no motion for substitution or revivor was filed.

After Trexis waived its right to substitute payment of Williams's liability policy limits, a period of discovery began. At every juncture, counsel for the estate helped to facilitate Trexis's attempt to secure copies of Kezia McClain's medical records from care providers. On several occasions, Trexis represented to counsel that it was working to evaluate the claim and hoped that the matter could be settled promptly. However, McClain's care providers were slow to provide the requested medical records. The circuit court eventually entered an order directing the care providers to produce forthwith the records. In addition, the court imposed sanctions against several care providers for their refusal to comply with subpoenas *duces tecum* issued in May 2022.

By October 2022, Trexis indicated to counsel and the administrator of the estate that it had finally been able to compile McClain's medical records. And then within a few weeks, it filed its motion to dismiss. Trexis argued that the failure of the estate's administrator to revive the action within one year of Kezia McClain's death was fatal. In his response, the administrator of the estate argued that Trexis was equitably estopped from asserting a motion to dismiss the action, implying that the estate had been "lulled" into believing that the claim would be paid. The administrator's motion for revivor and for substitution of the plaintiff was filed on November 10, 2022.

Trexis filed a reply in support of its motion to dismiss. It contended that it never made a material misrepresentation to anyone and that mere cooperation between counsel was insufficient to toll the period for revivor. It explained as follows:

> Trexis worked to investigate Ms. McClain's medical care and potential damages, expressed a hope that settlement could be accomplished once that investigation was complete, and then engaged in brief negotiations before determining that reasonable settlement was unlikely and filing the present Motion to Dismiss. Trexis never said or did anything that could estop it from asserting a limitations defense, and it never sought to deter Plaintiff or Plaintiff's counsel from taking the steps necessary to preserve the Estate's claims against it.

Additionally, it responded to the administrator's motion for revivor and argued that the motion was untimely.

After a hearing conducted December 9, 2022, the circuit court granted the motion to dismiss filed by Trexis. In its order of December 27, 2022, the court also denied as untimely the motion for revivor and substitution filed by the administrator. This timely appeal followed.

On appeal, the estate's administrator argues that the court erred by failing to conclude that the motion for revivor and substitution was untimely as a result of excusable neglect; that Trexis violated its duty of good faith and fair dealing; and that Trexis was equitably estopped from pursuing dismissal of the action. We disagree with each of these contentions.

-4-

KRS[2] 395.278 provides that application to revive an action in the name of the plaintiff's representative **must be made within one year** of the death of the deceased party. The statute constitutes a statute of limitation that is not subject to extension. *Hardin County v Wilkerson*, 255 S.W.3d 923 (Ky. 2008). Nevertheless, the estate's administrator argues that the circuit court erred by failing to apply provisions of our rules of civil procedure to permit revivor even after the expiration of the period of limitation. He contends that timely revivor is subject to the provisions of CR[3] 6.02, which provides that for good cause shown (including excusable neglect), the court may permit an act to be done even after the time specified has expired.

Our revival statute "has always been strictly construed." *Daniel v. Fourth & Market, Inc.*, 445 S.W.2d 699, 701 (Ky. 1968). The one-year limitation period established by the provisions of KRS 395.278 is not subject to enlargement under CR 6.02 regardless of whether the failure to revive within that time resulted from excusable neglect. *Id.* "[T]he period set forth in the statute is mandatory and not subject to enlargement." *Hammons v. Tremco, Inc.,* 887 S.W.2d 336, 338 (Ky. 1994). Kezia McClain's claim against Trexis was subject to revivor by timely

---

[2] Kentucky Revised Statutes.

[3] Kentucky Rules of Civil Procedure.

substitution of her estate's administrator as a party. When timely revivor was not undertaken, her claim was subject to dismissal.

In the alternative, the administrator argues that the provisions of CR 25.01 should apply to permit an untimely substitution of parties. CR 25.01 provides, in part: "[i]f a party dies during the pendency of an action and the claim is not thereby extinguished, the court, within the period allowed by law, may order substitution of the proper parties. If substitution is not so made, the action *may* be dismissed as to the deceased party." (Emphasis added.) The word "may" in the rule has been construed specifically "not as arrogating to the courts a discretionary authority, but as recognizing and allowing for those instances in which the right to have the action dismissed has been lost, as by waiver, estoppel, or consent." *Daniel*, 445 S.W.2d at 701.

The administrator contends that Trexis lost the right to require the timely revivor of the action because statements made by Trexis's counsel and its claims adjuster "lulled us into a false belief that Trexis actually wanted to settle the underinsured motorist claim." The administrator explains that "[t]hey claimed that it should take 'only a few weeks' to obtain the medical records they wanted . . . . Instead, they dragged out the process for over a year . . . ."

However, Trexis had no reason to believe that the civil action would not be revived while it conducted discovery. It had no basis to assume that the

administrator would not comply with the clear and unequivocal statutory duty to revive the action. As noted earlier, counsel for Kezia McClain expressly represented to Trexis and to the court just days after her passing that a motion for revivor would follow appointment of a personal representative. Kezia's son, Kestin McClain, was appointed to act as administrator of the estate within weeks of her death. Yet no attempt to revive the action was ever made.

On the other hand, it was not reasonable for the administrator to fail to perform his duty to revive by relying on Trexis's statements that it would collect and evaluate the decedent's medical records in an attempt to settle the claim. Trexis's statements could not be deemed -- either legally or logically -- to constitute an inducement for the administrator not to fulfill his statutory duty. The administrator was wholly aware of the prolonged struggle to procure those records. The duty to revive was readily apparent. Thus, the trial court did not err by concluding that equitable estoppel did not apply under the circumstances.

Finally, we are unpersuaded that the duty of good faith and fair dealing imposed upon Trexis as an insurer provided an equitable basis upon which to extend the limitation period established by the provisions of KRS 395.278. The administrator's failure to revive the action could not reasonably be attributed to the actions or statements of Trexis. Moreover, the issue of whether Trexis's decision to pursue dismissal of the action under the circumstances might constitute an unfair

claims settlement practice is not before us.  That issue is the subject of a separate civil action pending in the circuit court.

We affirm the order of dismissal of the McCracken Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Roger W. Lofton
Paducah, Kentucky

BRIEF FOR APPELLEE:

James R. Coltharp, Jr.
Paducah, Kentucky