**DEPARTMENT FOR HUMAN RE-
SOURCES COMMONWEALTH
OF KENTUCKY, Appellant,**

v.

**George NESTER, Mary Nester, Rodney
Nester, an infant and Janet Nester, an
infant, Appellees.**

**DEPARTMENT FOR HUMAN RE-
SOURCES COMMONWEALTH
OF KENTUCKY, Appellant,**

v.

**Ora Conway WILLOUGHBY, Phyllis Con-
way, an infant, Perry Conway, an infant,
David Conway, an infant, Appellees.**

**DEPARTMENT FOR HUMAN RE-
SOURCES COMMONWEALTH
OF KENTUCKY, Appellant,**

v.

**Vivian LUKE, Tabitha Luke, an infant,
Orville Luke, Jr., an infant, Appellees.**

**DEPARTMENT FOR HUMAN RE-
SOURCES COMMONWEALTH
OF KENTUCKY, Appellant,**

v.

**Wilma COLE, Linda Chaney, an
infant, Appellees.**

Court of Appeals of Kentucky.

Aug. 10, 1979.

Charles P. Lawrence, Dept. for Human Resources, Frankfort, for appellant.

William B. Mains, Deborah L. Hiatt, Northeast Ky. Legal Services, Morehead, Keen Johnson, Mount Sterling, for appellees.

Before GANT, HAYES and HOWARD, JJ.

GANT, Judge.

These actions come before this court on Petition for Discretionary Review from

judgments of the Montgomery Circuit Court in four petitions filed pursuant to KRS 208.020(1)(b), (c), and (d) to declare infant children dependent, neglected or beyond the control of parents. The judgments are identical with the exception of the amounts awarded to the guardian ad litem and read as follows:

## FINDINGS OF FACT

This case is on appeal from Montgomery District Court. The appellant, Department for Human Resources, Commonwealth of Kentucky, appeals from the judgment of Honorable James M. Richardson, District Judge, in which the appellant was ordered to pay $394.65 to Honorable Keen Johnson for his services as guardian ad litem. He was appointed to represent the interests of the infant defendants in this case by virtue of KRS 208.020(1)(d).

The original action was brought by an employee of the Department for Human Resources alleging the children to be dependent, neglected, needy or abandoned. The statute requires that a guardian ad litem be appointed.

The Department contends that it cannot be required to pay any costs including the guardian ad litem fee.

## CONCLUSIONS OF LAW

The District Court cannot compel the Kentucky Department for Human Resources to pay any court fees in this type of action including a guardian ad litem fee. Under the holding of *Bradshaw v. Ball*, Ky., 487 S.W.2d 294 (1972), it was recognized that the courts do not hold the power to force the State to appropriate money for the payment of attorney fees.

If the petitioner in any dependency or custody case does not provide the payment of fees for an attorney to represent the children involved, the Court should not proceed to hear or enter any orders in that action.

## JUDGMENT

The Judgment of the Montgomery District Court requiring the Department for Human Resources to pay guardian ad litem fees is reversed.

Neither the District Court nor the Circuit Court should hear or enter any orders hereafter in a dependency or custody case unless the petitioner provides at the initiation of the action an agreement to pay the fees of, and the costs expended by, the guardian ad litem for the infant defendants.

/s/ Caswell P. Lane
Caswell P. Lane
Montgomery Circuit Judge

■ Two questions are presented to the Court by this appeal. The first concerns a determination of whether the guardian ad litem is necessary in cases of procedure commenced under KRS 208.020(1)(b), (c), and (d). It is our opinion that the clear meaning of KRS 208.060(3)(a) and (5) mandates such appointment.

■ The second point is whether the trial court has the authority to mandate that neither the district court nor the circuit court should hear any actions involving dependency or custody, or any orders therein, "unless the petitioner provides at the initiation of the action an agreement to pay the fees of, and the costs expended by, the guardian ad litem for the infant defendant." It is our opinion that no such authority exists. If we consider KRS 208.370, we find that the law provides: "In proceedings in the juvenile court, no court fees shall be charged against, and no witness fees shall be allowed to, any party to a petition. . . ."

If the person or agency bringing the petition is deemed to be a party to the action by the lower court, we find a statutory prohibition against assessment of court costs or fees against that party. Of course, if the petitioner is not deemed a party, then the court cannot attach fees and court costs.

Pursuant to KRS 208.020(1) and 208.070(1), the only bona fide party is the child or children and the action must be so styled. Further, KRS 208.070(1) provides that any person may file a petition in juvenile court, and thus we find that on numerous occasions interested neighbors, school officials, ministers, relatives and other persons bring the neglect or dependency of children to the attention of the court. This is the clear intent of the statute, and to require such interested parties to sign a blank check for the attorney's fees and court costs of guardians ad litem would be to defeat the purpose of the statute.

Should we relate this only to the Department for Human Resources, it is our opinion that the case of *Bradshaw v. Ball*, Ky., 487 S.W.2d 294 (1972) is dispositive. At page 299, the court states as follows:

No better statement of the basic concept of the doctrine of the separation of powers can be made than that contained in No. 78 of The Federalist Papers. See The Federalist Papers (Rossiter edition, 1961). Here, Hamilton states:

"Whoever attentively considers the different departments of power must perceive that, in a government in which they are separated from each other, the judiciary, from the nature of its functions, will always be the least dangerous to the political rights of the Constitution; because it will be least in a capacity to annoy or injure them. The executive not only dispenses the honors but *holds the sword of the community.* The legislature not only *commands the purse but prescribes the rules by which the duties and rights of every citizen are to be regulated.* The judiciary, on the contrary, has no influence over *either the sword or the purse*; no direction either of the strength or of the wealth of the society, and can take no active resolution whatever. It may truly be said to have neither FORCE nor WILL but merely judgment; and must ultimately depend upon the aid of the executive arm even for the efficacy of its judgments." (emphasis supplied).

In the context presented, we are persuaded that it is the duty of the executive department to enforce the criminal laws, and it is the duty of the legislative department to appropriate sufficient funds to enforce the laws which they have enacted. The proper duty of the judiciary, in the constitutionally ideal sense, is neither to enforce laws nor appropriate money. The judiciary's reason for existence is to *adjudicate.*

It is the opinion of this Court that the attempt by the Montgomery Circuit Court to provide that neither the district court nor circuit court would hear cases or any orders therein involving dependency or custody of children until the petitioner agreed to pay the fees of and costs expended by the guardian ad litem is an effort by that court to do what the statutes and decisions of the Kentucky courts have prohibited.

Accordingly, that portion of the judgment stating that the district court was without authority to require the Department for Human Resources to pay the guardian ad litem fees is affirmed. That part pertaining to the orders of the Montgomery Circuit Court that neither the district court nor circuit court should hear or enter any orders in dependency or custody cases unless the petitioner provides an agreement to pay the fees of and costs expended by the guardian ad litem is reversed.

All concur.