**CABINET FOR HUMAN RESOURCES, Commonwealth of Kentucky, Appellant,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, Fayette County, Jim M. Alexander and Patricia Ann Mertens, Appellees.**

Court of Appeals of Kentucky.

Nov. 16, 1984.

R. Hughes Walker, Gen. Counsel, William K. Moore, Cabinet for Human Resources, Frankfort, for appellant.

Terry Sellars, Commissioner of Law, Suzanne Shively Havens, Acting Director of Litigation, Lexington-Fayette Urban County Government, Dept. of Law, Jim Alexander, Patricia Mertens, Lexington, for appellees.

Before HOWARD, LESTER and WHITE, JJ.

HOWARD, Judge.

Appellant appeals from an order of the Fayette Circuit Court dismissing its declaratory judgment action.

On June 13, 1983, the Cabinet For Human Resources filed a declaratory judgment action pursuant to KRS 418.040 et seq. in an attempt to obtain a declaration of the respective responsibilities of the Cabinet and appellee Lexington-Fayette Urban County Government to any guardian ad litem awarded fees by the Fayette District Court in a dependency action.

This case arises by virtue of the following proceedings. In a dependency action filed pursuant to KRS 208.020(10) in the Juvenile Division of the Fayette District Court, Appellee Jim Alexander was appointed guardian ad litem for the mother of

the child whose case was before the court. At the conclusion of the matter, the District Court Judge ordered the Cabinet for Human Resources to pay Mr. Alexander's fee of $144.00 for his services as the mother's guardian ad litem. The Cabinet refused to pay the fee and Mr. Alexander sought a contempt of court ruling against the Cabinet. The Cabinet responded by arguing that the Court was without authority to tax the fee to the Cabinet. An agreed order abating the contempt proceedings was entered pending the outcome of the case now before this Court.

Appellee Patricia Ann Mertens also has been appointed to act as a guardian ad litem for a parent whose children are before the Juvenile Division of the Fayette District Court in a dependency action.

At the conclusion of the matter, Ms. Mertens moved the Fayette District Court for an order requiring either the Cabinet for Human Resources or the Lexington-Fayette Urban County Government to pay her fee of $212.50 for her services as the father's guardian ad litem. The Cabinet responded to that motion by alleging that it was not liable for the guardian ad litem fees and by filing this action in the Fayette Circuit Court. The record on appeal does not show whether the Juvenile Division of the Fayette District Court has ever ruled on Ms. Mertens' motion. It is clear that no action had been taken by the District Court on the motion prior to Ms. Mertens' answer to the petition in this case.

The case herein was dismissed for lack of jurisdiction on February 8, 1984, by the Fayette Circuit Court, and this appeal now arises.

Appellant contends that the Fayette Circuit Court had jurisdiction to determine the issue raised in the petition for declaration of rights, and that the dismissal of the petition was erroneous.

The District Court of each county has exclusive jurisdiction in proceedings concerning a child under eighteen years of age living or found in that county, who has committed a public offense and is found to be dependent, neglected or abused. KRS 208.020. Such proceedings mandate the appointment of a guardian ad litem. *Dept. of Human Resources v. Nester*, Ky.App., 585 S.W.2d 437 (1979). Also within this exclusive jurisdiction is the power of the court to allow the guardian ad litem a reasonable fee for his services, to be taxed as costs. CR 17.03(5). Accordingly, the proper forum to initiate an action concerning the fees of a guardian ad litem from a dependency proceeding is in the district court of the county in which the dependency action was brought. We must agree with the court below that it had no jurisdiction to entertain the declaratory action filed by the appellant. The Fayette District Court should be permitted to rule on and dispose of any issues involving fees and costs in juvenile cases, from which the appellant can seek relief by way of appeal to the circuit court, if necessary.

The judgment of the Fayette Circuit Court is affirmed.

All concur.