**CABINET FOR HUMAN RESOURCES,**
**Commonwealth of Kentucky,**
**Appellant,**

v.

**Stephanie HOWARD, an Infant; Teresa Howard, an Infant; Shannon Howard, an Infant; James Hayes, an Infant; Antonio Hayes, an Infant; Octavia Hayes, an Infant; Latasha Terry, an Infant; Dewayne Terry, (Jr.), an Infant; Johnny Howard; Laverne Hayes; Hon. Patricia A. Mertens; Hon. Barbara Eidson; Lexington-Fayette Urban County Government; Charles Wayne Johnson, an Infant: Daniel Johnson, an Infant; William Johnson, an Infant; Janet Foster; and Hon. Barbara Ann Hunter, Appellees.**

Court of Appeals of Kentucky.

December 27, 1985.

As Modified Feb. 7, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 2, 1986.

R. Hughes Walker, William K. Moore, Frankfort, for appellant.

Thomas Conn, Janice Porter, Patricia A. Mertens, Barbara Eidson, Barbara A. Hunter, Edward Gardner, Janice Porter, Lexington, for appellees.

Before HAYES, Chief Judge, and HOWARD and WHITE, JJ.

HOWARD, Judge.

This case arises from an assessment of fees for court-appointed attorneys and guardians ad litem in dependency actions against the Cabinet for Human Resources.

The action at bar is a consolidation of twelve separate juvenile dependency actions brought under KRS 208.020(1)(d) in Fayette District Court. The attorneys in these cases were appointed as either guardians ad litem or simply as counsel for the parents of the children involved. At the conclusion of these proceedings, each attorney moved the court to award them fees for their services. The attorney's fees were to be assessed against either the Cabinet for Human Resources or the Lexington-Fayette Urban County Government.

Before the district court ruled on these motions, the question arose of whether the circuit court or district court had the jurisdiction to make the determination with regard to the guardian ad litem fees. This issue was settled in *Cabinet For Human Resources v. Lexington-Fayette Urban County Government,* Ky.App., 679 S.W.2d 244 (1984), in which this Court held that the district court was the proper forum to entertain actions concerning the guardian ad litem fees in dependency actions.

In each of the twelve cases, the Fayette District Court ruled that the Cabinet was responsible for the payment of these guardian ad litem or attorney's fees. Separate appeals were taken to the Fayette Circuit Court but were later consolidated. On January 15, 1985, the circuit court affirmed the district court decisions holding that these fees were to be assessed against the Cabinet for Human Resources.

The Cabinet sought discretionary review of the judgment of the Fayette Circuit Court in this Court. Discretionary review was granted on April 8, 1985.

The Cabinet contends that statutory and case law prohibit the assessment of guardian ad litem fees against it.

It is undisputed that reasonable fees for a guardian ad litem in dependency actions can be assessed. *Cabinet For Human Resources v. Lexington-Fayette Urban County Government, supra;* CR 17.03(5). The unique question presented in the instant case is against whom may these fees be assessed.

In support of its position, the Cabinet cites KRS 208.370 which provides in pertinent part:

In proceedings in juvenile session of district court, no court fees shall be charged against, and no witness fees shall be allowed to, any party to a petition. No public officer shall be entitled to receive any fee from the service of process or for attendance in court in any such proceedings. All other persons acting under orders of the court may be paid, for service of process, the fees provided by law for like services in civil cases in the circuit court, the payments to be made out of the county treasury.

■ Attorney's fees are not discussed in KRS 208.370. The term "court fees" is not defined in the statute but the other language mentioning service of process, implies that charges of that type, not attorney's fees, were contemplated under the statute. Thus, we do not believe that KRS 208.370 is applicable to this circumstance.

We also do not believe that *Department for Human Resources v. Nester,* Ky.App., 585 S.W.2d 437 (1979), prohibits the assessment of these fees against the Cabinet. In *Nester,* the Cabinet's predecessor, the Department of Human Resources, was assessed guardian ad litem fees by a Montgomery County district judge. This assessment was made pursuant to an order by the Montgomery circuit judge which stated that the Montgomery County courts would not hear dependency actions unless the petitioner agreed at the beginning of the action to pay the costs and fees of any guardians ad litem in the case.

The Court in *Nester* noted that under KRS 208.070(1) any party may initiate a dependency hearing by filing a petition in juvenile court. The Court stated:

... [W]e find on numerous occasions interested neighbors, school officials, ministers, relatives and other persons bring the neglect or dependency of children to the attention of the court. This is the clear intent of the statute, and to require such interested parties to sign a blank check for the attorney's fees and court costs of guardians ad litem would be to defeat the purpose of the statute. *Id.* at 439.

The evil the Court in Nester was attempting to prevent was a requirement that one bringing a petition be saddled with the financial obligation of attorney's fees before any hearing or other proceeding had occurred. Such a burdensome requirement would indeed discourage many interested persons from bringing these petitions. However, we do not believe that *Nester* prohibits any *post proceeding* award of guardian ad litem fees against the Cabinet.

■ Although KRS 208.070(1) does call for the petition to be styled in the name of the child, in most cases (as in the one at bar) the petitions are submitted by and the action pursued by the Cabinet. KRS 453.010(1) provides that costs cannot be assessed against the Commonwealth in any action brought for or against it unless specifically provided for by statute. However, KRS 453.060(2) provides that "[a] guardian ad litem or warning order attorney shall be allowed by the court a reasonable fee for his services, to be paid by the plaintiff and taxed as costs." Because the Cabinet is in fact the "plaintiff," dependency actions are an exception to the general prohibition of KRS 453.010(1).

We are not persuaded that *Bradshaw v. Ball*, Ky., 487 S.W.2d 294 (1972), is controlling in this instance. The Court in *Bradshaw v. Ball*, held that the circuit court could not direct the Commonwealth to pay the attorney's fees for representing indigent criminal defendants. *Bradshaw v. Ball* developed before the current public defender system was established and counsel was typically appointed for indigent criminal defendants. The trial court approved awards for the appointed counsel and the attorneys filed suit to force the Commissioner of the Department of Finance and the State Treasurer to pay. The Court in *Bradshaw v. Ball* held that such an award was a violation of the doctrine of separation of powers because the judiciary's duty is not to "appropriate money." *Id.* at 299.

The instant case differs because the guardian ad litem fees were not assessed against the Commonwealth in general, but against an agency of the Commonwealth which had already been appropriated money for its operation in the area of child health and welfare. In *Bradshaw v. Ball*, no money was set aside by the legislature to pay for attorney's fees, thus to uphold the trial court's ruling, the Court would force the executive branch to find the money from its general operating funds or request it from the legislature. Such action by the judiciary is impermissible.

Although we believe that through a reasonable interpretation of the statute, an award of guardian ad litem fees against the Cabinet is permissible, we are also of the opinion that a court has the "inherent authority" to make such an award. The Court in the case of *Smothers v. Lewis*, Ky., 672 S.W.2d 62, 64 (1984), states:

In addition to the Court's Constitutional rule making power, the Court is also vested with certain "inherent" powers to do that which is reasonably necessary for the administration of justice within the scope of their jurisdiction.

....

The control over this inherent judicial power, ... is exclusively within the constitutional realm of the courts.

In *G.G.L. v. Cabinet For Human Resources* Ky.App., 686 S.W.2d 826 (1985), this Court approved the assessment of costs against the Cabinet for the transportation of indigent parents to an involuntary termination of parental rights hearing as a proper use of this "inherent" judicial power.

We find then that both statutory and case law support the assessment of guardian ad litem and court-appointed attorney fees against the Cabinet.

The judgment of the Fayette Circuit Court is affirmed.

All concur.