Peyton S. HAWES, as State Revenue Commissioner of the State of Georgia, etc., Appellant,

v.

CUMBERLAND CONTRACTING COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 13, 1967.

As Modified on Denial of Rehearing Jan. 12, 1968.

E. Gordon Bertram, Jr., Bertram & Bertram, Monticello, Arthur K. Bolton, Atty. Gen. of Georgia, Atlanta, Ga., William L. Harper, John A. Blackmon, Asst. Attys.

Gen. of Georgia, Atlanta, Ga., for appellant.

Bruce H. Phillips, Monticello, for appellee.

PALMORE, Judge.

The Revenue Commissioner of Georgia (hereinafter called the Commissioner) appeals from a summary judgment dismissing his suit in the Wayne Circuit Court on a 1963 judgment obtained against the appellee company (hereinafter called Cumberland) in the Superior Court of Houston County, Georgia.

In the year 1953 Cumberland did substantial business in Georgia but has done no business there since. Nor has Cumberland at any time had a residence, place of business, or agent for service of process in Georgia. After the work had been completed, the Commissioner asserted a claim against Cumberland for unpaid sales and use taxes, but ensuing negotiations proved fruitless. In 1957 Georgia enacted a "long-arm" statute by which provision is made for securing *in personam* jurisdiction on anyone whose activities in that state have given rise to an unsatisfied tax liability. Pursuant to that statute the Commissioner secured the 1963 judgment on which this action is founded. Cumberland received by registered mail notice and a copy of the complaint in the Georgia action but did not appear or respond, and judgment was taken by default.

This suit was filed in the Wayne Circuit Court on August 26, 1964. The record does not disclose when summons was executed, but a motion to dismiss was served in behalf of Cumberland on November 5, 1964. On January 8, 1965, the Commissioner served a motion for summary judgment. On January 28, 1965, by direction of the trial court, the Commissioner served and filed an amended complaint making certain additional allegations such as the fact that the judgment sued upon was still in full force and effect, had not been appealed or set aside, and had not been satisfied. By an order signed on the same day, January 28, 1965, the trial court overruled Cumberland's motion for a dismissal and granted it 20 days in which to answer. (This order was endorsed by the clerk as "filed" on February 20, 1965). On February 22, 1965, the Commissioner served on Cumberland a motion for default judgment certifying that no further papers had been served on him in behalf of the defendant.

The motion for default judgment came on for hearing on February 25, 1965, at which time it was overruled and Cumberland was granted until March 13, 1965, to answer. An answer challenging the validity of the Georgia judgment on grounds of insufficient service and lack of jurisdiction was served on March 8, 1965. Ultimately the trial court overruled the Commissioner's motion for a summary judgment and entered a summary judgment in favor of Cumberland on the basis of these defenses.

One of the grounds on which the Commissioner seeks a reversal is that the overruling of his motion for default judgment was an error.

CR 15.01 provides that a party "shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders."

The amended complaint was served on January 28, 1965. The Commissioner had the privilege of filing it without permission of the court, since no responsive pleading had been served. CR 15.01. Cumberland's motion to dismiss was not a pleading. CR 7.01, 7.02; Clay's Kentucky Practice, CR 7.01, Comment 6. Hence the fact that the order signed by the trial judge on January 28, 1965, in which the amendment was authorized and directed, was not entered until February 20, 1965, was of no consequence with respect to the amended

complaint, and Cumberland was in default at the expiration of 10 days after January 28, 1965.

■ An order becomes effective only when it is entered by the clerk in the manner directed by CR 58. Powell v. Blevins, Ky., 365 S.W.2d 104, 105 (1963). Nevertheless, even if the order had been so entered on January 28, 1965, it allowed but 20 days for an answer, so Cumberland was in default anyway when the Commissioner moved on February 22, 1965, for a default judgment.

CR 6.02 provides than when an act is required to be done within a specified time the court may in its discretion (1) enlarge the time if so requested *before it expires,* or "(2) *upon motion* made after the expiration of the specified period permit the act to be done *where the failure to act was the result of excusable neglect."* (Emphasis added.)

■ Reading CR 15.01 and CR 6.02 together, we construe them to mean that in the absence of waiver by the adverse party a litigant whose time to plead has expired cannot be allowed to do so except upon a motion and showing of excusable neglect. In this case the record does not indicate that any motion was made, nor is there any showing of excusable neglect. Under these circumstances it is our opinion that the overruling of the Commissioner's motion for a default judgment was an abuse of discretion.

■ It is argued, however, that Cumberland was not in default, because its motion to dismiss the complaint upon the ground it did not state grounds for relief, which motion was served on November 5, 1964, before the complaint was amended, enlarged the time in which a responsive pleading was required to be served until 10 days after notice of the court's action in overruling the motion to dismiss. Cf. CR 12.01, 12.02. Our reaction is that when a complaint has been amended, a pending motion to dismiss for failure to state a claim upon which re-

lief can be granted must be renewed in order to remain alive, because the amendment results in a new complaint. From the standpoint of orderly procedure, it would hardly make sense to dismiss a complaint without dismissing the amendment as well.

■ We are of the further opinion that Cumberland must lose on the merits of the case. Its only argument is that the Georgia court did not have jurisdiction to render a judgment *in personam* against it. We view McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223 (1957), and International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), as dispositive authority to the contrary.

The judgment is reversed with directions that a judgment be entered granting the relief demanded by the complaint.

All concur.