Jefferson PREECE, Shirley Delong, Earnest Preece, Administrator of the Estate of Philip Preece, Sr., Appellants,

v.

Francis F. ADAMS, Executrix of the Estate of Eldred Adams, and J. Howard Queen, Former Acting Commissioner of Philip Preece, Sr., Appellees.

Court of Appeals of Kentucky.

May 16, 1980.

Rehearing Denied Aug. 1, 1980.

Gordon J. Dill, Jr., Ashland, for appellants.

Robert P. Woods, Ashland, Eldred E. Adams and Wayne L. Bromley, Sr., Louisa, for appellees.

Before HAYES, C. J., and COOPER and GANT, JJ.

COOPER, Judge.

This is an appeal from an order denying a motion to revive an action under KRS 395.-278. The issue presented is whether the motion to revive said action was timely made within the meaning of the statute.

The appellants, Jefferson Preece, Shirley Delong, and Earnest Preece, are administrators of the estate of Philip Preece, Sr., who died in March of 1976. Prior to the decedent's death, an action was filed on his behalf against the appellee, J. Howard Queen, and Eldred Adams, now deceased, alleging that the latter, while serving as a committee for the decedent, had misappropriated and mismanaged his estate. This action was filed in March of 1975. Upon the decedent's death, the appellants sought appointment as administrators in Boyd County. The motion to revive the civil action, filed on the decedent's behalf, was also filed in Boyd County on December 1, 1976. The defendants in that action, the estate of Eldred Adams and J. Howard Queen, objected to the motion on the grounds that the Boyd County Court lacked the jurisdiction to appoint the appellants as administrators.

The question of jurisdiction was never ruled on by the Boyd County Court. However, in a separate civil action, the Lawrence Circuit Court held that the appointment of the appellants as administrators of the decedent's estate was void for lack of jurisdiction, stating that the decedent was a resident of Lawrence County at the time of his death. Subsequently, this Court upheld the decision of the trial court, issuing a mandate on February 2, 1979. Thereafter, on February 16, 1979, the appellants were appointed administrators of the decedent's estate in the Lawrence District Court. On February 28, they made application in that court to revive the original civil action. The appellees objected on the grounds that the motion to revive was not timely filed. Specifically, they argued that more than one year had elapsed since the decedent's death. See KRS 395.278. The trial court

subsequently dismissed the action on the grounds that the appellants failed to revive the action in a timely fashion. It is from this dismissal that the appellants now appeal.

On its face, the language of KRS 395.278 is explicit:

> An application to revive an action in the name of a representative or successor of a plaintiff, or against the representative or successor of a defendant, shall be made within one (1) year after the death of the deceased party.

Under the common law of this jurisdiction, a cause of action died with the person seeking relief. See M'Coun v. M'Afee's Ex'x, 11 Ky. (1 Litt.) 170 (1822); Norfolk & W. Ry. Co. v. McCoy, 288 Ky. 458, 156 S.W.2d 493 (1941). By a specific statutory enactment, the common law rule was altered to allow a revival of an action either by or against the personal representative of a decedent. Consequently, the courts in this and other jurisdictions have construed revivor statutes to be, in effect, statutes of limitation rather than statutes relating to pleading, practice or procedure. Daniel v. Fourth & Market, Inc., Ky., 445 S.W.2d 699 (1968). Viewing both the intent and scope of the then enacted revivor statute the Daniel court held that the provisions of CR 6.02, permitting an act to be done after the time permitted, did not apply to KRS 395.277 as it had a specific time limitation. Effectively, the Daniel court determined that the language of the revivor act could not be waived or altered by CR 6.02.

Here, the appellees argue that as the appellants' motion was not made within one (1) year after the decedent's death, the trial court acted correctly in dismissing it. Citing the language of the respective courts in Daniel, supra, and in Norfolk & W. Ry. Co., supra, the appellees argue that as KRS 395.278 is a remedial or curative statute, its provisions and limitations must be strictly followed. Conversely, the appellants argue that as the motion to revive was filed within one year from the time of the decedent's death, the one year statute of limitations was tolled. In effect, they argue that it is

the time of the filing of the motion, even if such motion is subsequently dismissed, that is controlling. See New Farmers National Bank v. Thomas, Ky., 411 S.W.2d 672 (1967). In substance, the appellants argue that one purpose underlying the statute is to require a representative of a decedent to give notice to a defendant that it is pursuing the action in the name of that representative. Here, they argue that the appellees had notice of that intent within the one year period.

The question on appeal—whether the statute of limitations contained within KRS 395.278 is, in fact, tolled by the filing of a motion to revive—even if that motion is subsequently dismissed—appears to be one of first impression in this jurisdiction. The appellees argue that given the language of the statute and the decision of this Court in Daniel, supra, the appellants' motion was not filed in timely fashion. The appellants argue that as the original motion to revive was filed within one year from the decedent's death, notwithstanding the fact that it was filed by plaintiffs who subsequently failed to qualify as administrators in the county where the motion was made, it effectively tolled the statute of limitations. Furthermore, the appellants cite the provisions of CR 15.03 to argue, by analogy, that the principle of relation back should be applicable herein. Specifically, they argue that the motion to revive the action as of February 28, 1979, should relate back to the time the original motion to revive was filed on December 1, 1976. They cite both the language of CR 15.03 and the decision of this Court in construing that language in Modern Bakery, Inc. v. Brashear, Ky., 405 S.W.2d 742 (1966). The appellees argue that the principle of relation back can have no application herein as there was no valid administrator of the decedent's estate within one year from the time of his death. In effect, they argue that there can be no relation back to something which did not exist.

Conceding that KRS 395.278 is a statute of limitations, rather than one pleading or practice, and therefore subject to strict ju-

dicial construction, we, nevertheless, believe that the language of CR 15.03 and the decision of this court in *Brashear, supra,* are clearly analogous herein. In *Brashear,* a father filed an action asserting that he was the duly appointed administrator of his deceased son's estate. The statute of limitations subsequently expired prior to the time the father was, in fact, appointed as administrator. Subsequent to his appointment, the father filed an amended complaint. The court held that the amended complaint related back to the filing of the original complaint for purposes of tolling the statute of limitations. The *Brashear* court followed the language of the court in *Vassill's Adm'r. v. Scarsella,* 292 Ky. 153, 166 S.W.2d 64 (1942). There, an Ohio administrator brought suit in Kentucky without the prior appointment of an ancillary administrator. After the running of the statute of limitations, an ancillary administrator was appointed and an amended complaint then filed. The court held that the amended complaint related back to the time of the filing of the original action and that the action was not barred.

Here, the appellants' original motion to revive the action was filed within one year from the decedent's death. The appellees had notice of the appellants' intention to pursue the original action. The question of which county had jurisdiction to appoint the decedent's administrators was not judicially determined until well after one year from his death. Arguably, the appellants could have sought application as administrators of the decedent's estate in Lawrence County during the pendency of the first action. Yet, they did not, acting on the belief that the decedent was a resident of Boyd County at the time of his death. The *Daniel* court, in holding KRS 395.277 to be a statute of limitation, cited Clay's Comment that CR 6.02:

> ... should not be construed as permitting the extension of time fixed by statute within which a party may initiate an authorized court proceeding. Clay, Kentucky Practice, CR 6.02, Comment 3 p. 701.

Yet, even allowing for such language, we believe that given the appellants' actions, no extension of the one-year period was necessary. Here, the motion filed by the appellants on December 1, 1976, was an "authorized court proceeding." As of December 1, 1976, neither the Boyd nor Lawrence County Courts, nor this Court, had determined that the appellants had no jurisdiction over the decedent's estate in Boyd County. Consequently, we hold that the appellants made a timely application to revive the civil action by its action of December 1, 1976.

Accordingly, we reverse the order of the trial court, directing it to sustain the appellants' motion of February 28, 1979 with respect to reviving the original action.

The order of the trial court is reversed with directions to act in accordance with this opinion.

All concur.