**COMMONWEALTH of Kentucky, Appellant,**

v.

**Maurice WEST, Appellee.**

**No. 2003–CA–000437–MR.**

Court of Appeals of Kentucky.

July 2, 2004.

As Modified Oct. 1, 2004.

Albert B. Chandler, III, Attorney General, Jeanne Anderson, Special Assistant Attorney General, Frankfort, KY, for appellant.

Michael C. Lemke, Louisville, KY, for appellee.

Before BUCKINGHAM, MINTON, and TAYLOR, Judges.

## OPINION AND ORDER DISMISSING

TAYLOR, Judge.

The Commonwealth of Kentucky brings this interlocutory appeal from a February 11, 2003, order of the Jefferson Circuit Court. Kentucky Revised Statutes (KRS) 22A.020(4). We dismiss.

Appellee was indicted upon several felonies, including possession of a handgun by a convicted felon (KRS 527.040) and with being a persistent felony offender in the first degree (KRS 532.080(3)). A review of the record revealed that the February 11, 2003, order appealed from was never reduced to writing but was merely recited orally. As the appeal was taken from an oral ruling of the circuit court, this Court entered an order directing the Commonwealth to show cause why the appeal should not be dismissed. The Commonwealth responded that the oral ruling was recorded upon a videotape and that the videotape was part of the original record of the circuit court under Ky. R. Civ. P. (CR) 98. As the oral ruling was entered upon the official videotaped record, the Commonwealth argued that the February 11, 2003, order was appealable. We are unpersuaded by the Commonwealth's response and, hereafter shall set forth our reasons for dismissal.

The Commonwealth derived its authority to pursue the instant interlocutory appeal from KRS 22A.020. Subsection (4)(b) of this statute specifically provides that such interlocutory appeals "shall be taken in the manner provided by the Rules of Criminal Procedure and the Rules of the Supreme Court...." According to Ky. R.Crim. P. (RCr) 13.04, the Rules of Civil Procedure are "applicable in criminal proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure." Thus, we undertake an examination of the applicable criminal and civil rules of procedure.

RCr 12.04(3) provides, in part, "[t]he time within which an appeal may be taken shall be thirty (30) days after the **date of entry** of the judgment or order from which it is taken...." (Emphasis added). Pursuant to RCr 12.06(2), the **date of entry** is considered the **date of notation** of service upon the docket by the circuit court clerk. Thus, an interlocutory appeal, under KRS 22A.020, must be taken within 30 days from the date of notation of service of the judgment or order appealed. *See Commonwealth v. Cobb,* Ky.App., 728 S.W.2d 540 (1987). However, the notation of service may only be made after the

judgment or order has been signed by the judge under the provisions of CR 58(1).

CR 58(1) reads, in pertinent part:

**Before a judgment or order may be entered in a trial court it shall be signed by the judge. The clerk, forthwith upon receipt of the signed judgment or order, shall note it in the civil docket as provided by CR 79.01. The notation shall constitute the entry of the judgment or order, which shall become effective at the time of such notation ....** The additional notation required by CR 77.04(2) or by RCr 12.06(2) shall govern the running of time for appeal under CR 73.02. (emphasis added).

Indeed, it has been recognized that pursuant to CR 58:

**[T]he original order or judgment must be signed by the trial judge. It may not be entered by the clerk until it is signed.** The signing, however, is not the act that makes the judgment or order effective. The notation by the clerk in the "docket" ... is the final step which constitutes the entry of the order or judgment. (footnotes omitted)(emphasis added).

7 Kurt A. Philipps, Jr., *Kentucky Practice,* CR 58, cmt.3 (5th ed.1995).

Accordingly, we believe an interlocutory appeal, under KRS 22A.020, may only be taken from a judgment or order that has been signed by the judge and service thereof noted on the docket by the circuit court clerk. RCr 12.04; RCr 12.06; CR 58. To meet these requirements, we think it axiomatic that the judgment or order appealed from be reduced to writing.

The Commonwealth cited this Court to CR 98 for the proposition that a videotape recording of an oral ruling is an appealable order. CR 98 does not abrogate the requirements that an appealable order or judgment be signed by the judge and service thereof noted upon the docket by the clerk. CR 98 is merely intended to provide the specific procedures to be utilized when a court proceeding has been recorded by videotape, rather than stenographically.

In the case *sub judice,* the February 11, 2003, order was never reduced to writing; thus, it was never signed by the judge and the circuit court clerk never entered a notation of service thereof upon the docket. Hence, we conclude that the February 11, 2003, order was not an appealable order under RCr 12.04 and RCr 12.06.

Finally, this Court makes one other observations. First, the notice of appeal filed by the Commonwealth is misleading. It fails to accurately identify the order appealed. The notice of appeal states the Commonwealth is appealing "the trial court's ruling dismissing the count of the indictment charging Persistent Felony Offender in the First Degree in the above-styled case." No such ruling appears in the record on appeal. The February 11, 2003, videotape transcript of the hearing reveals the circuit court granted appellee's pretrial motion which sought merger of two prior felony convictions under KRS 532.080(4). The record is void of any indication that the circuit court dismissed a count of the indictment.

NOW THEREFORE be it ORDERED that Appeal No.2003–CA–000437–MR be and it is hereby DISMISSED.

ALL CONCUR.