COMMONWEALTH of Kentucky, CAB-
INET FOR HEALTH AND FAMILY
SERVICES (Formerly Cabinet for
Families and Children), Appellant,

v.

Honorable Joan BYER, Judge, Jefferson
Family Court; D.A.; Bryan Gate-
wood; K.A.; L.M.; and Irv Maze, Jef-
ferson County Attorney, Appellees.

No. 2003–CA–002677–ME.

Court of Appeals of Kentucky.

Aug. 26, 2005.

G. Thomas Mercer, Louisville, KY, for
Appellant.

No Brief Filed, for Appellee.

Before GUIDUGLI, JOHNSON, and
MINTON, Judges.

*OPINION*

MINTON, Judge.

The Cabinet for Health and Family Ser-
vices ("the Cabinet") appeals an order of
the Jefferson Family Court that required
it to pay the court-appointed expert's fees
in a dependency action in which custody

became a contested issue. We hold that the family court abused its discretion when it appointed the expert without first adopting the show cause procedure required by KRE [1] 706. Therefore, we reverse the family court's order.

The Cabinet filed a dependency action alleging that D.A., a minor child, was an abused or neglected child within the meaning of KRS [2] 600.020(1). According to the petition, D.A.'s mother, K.A., was not properly feeding and caring for her child. As a result of the petition, temporary custody of D.A. was given to her maternal grandmother. At the hearing on the petition, K.A. stipulated that D.A. was indeed abused and neglected. K.A. further agreed not to contest the child's temporary placement with the maternal grandmother.

A few months later, the court determined following a hearing that neither K.A. nor the maternal grandmother was a proper custodian; so the court removed the child from the maternal grandmother and placed her temporarily with the Cabinet. The following day, the court sustained the Cabinet's motion to release custody from the Cabinet to L.M., a non-relative who had been D.A.'s caregiver since birth.

Several months later, K.A. moved for custody of D.A. to be returned to her or for increased visitation; L.M. then moved for permanent custody of D.A. A complete hearing on these motions was postponed several times as K.A., L.M., and the Cabinet reached an agreement acceptable to the court for expanded visitation by K.A. Eventually, a hearing on the pending custody motions was held on October 9, 2003. The Cabinet's representative, Carlanda Fields, failed to appear at the hearing because she was involved in an automobile accident earlier that day. Despite the Cabinet's absence, the court proceeded to appoint its own expert, Dr. Ronda Luttrell, to perform an assessment of the level of bonding between the child and the custody contestants and to report back to the court. The court further ordered the Cabinet in its absence to provide the funding for the expert.

The Cabinet immediately moved to alter, amend or vacate the order. The motion was based on the Cabinet's claim that it was not a party to the action and had not been served with legal notice of a request for imposition of costs. The Cabinet also argued that the order violated the constitutional separation of powers doctrine and statutory law.

At the hearing on this motion, the court stated it was forced to appoint its own expert witness to perform the custodial evaluations because none of the evaluators in Louisville under contract with the Cabinet was "competent" to perform a "bonding assessment." The court acknowledged that there was a capable evaluator under contract with the Cabinet in Lexington; but because the Cabinet's representative failed to attend the October 9, 2003, hearing, the availability of that evaluator was not brought to the court's attention.[3] Therefore, the court stated it had no choice but to order the contestants to meet with Dr. Luttrell, an evaluator who, in the court's opinion, was competent to perform a bonding assessment. Citing its right to hire its own experts, the court denied the Cabinet's motion and ordered the Cabinet to pay Dr. Luttrell's fees in the amount of $1,500. This appeal follows.

1. Kentucky Rules of Evidence.

2. Kentucky Revised Statutes.

3. Although the court initially blamed the Cabinet's representative for her absence on the day of the hearing, it was quickly brought to the court's attention that the representative's absence was unintentional and due to her involvement in a car accident.

■ Because this appeal involves an issue of law, our standard of review is limited to whether the family court abused its discretion. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." [4]

■ As an initial matter, the Cabinet argues that "once the trial court removed [D.A.] from the Cabinet's custody the Cabinet in essence became a nominal party to the custody contest between the appellees, [L.M.] and [K.A.]." Because of its status as a "nominal party," the Cabinet claims it "should not have been ordered to pay costs associated with the contest."

We disagree with this assertion, in part. In *Cabinet for Human Resources v. Howard,* we said that when the Cabinet files a dependency action, "the Cabinet is in fact the 'plaintiff[.]' " [5] The current custody dispute started in court with the Cabinet's initial filing of a dependency action; therefore, we believe the Cabinet remains the plaintiff in this case. Although the Cabinet is not D.A.'s custodian, it has continued to play a significant role throughout these proceedings. The Cabinet is required to have a representative at the custody hearings, to monitor D.A.'s environment, to assess L.M.'s and K.A.'s parenting skills, and to report to the court on the parties' progress. So we reject the Cabinet's contention that it is merely a "nominal party" here.

■ But we do agree with the Cabinet that it was improperly assessed the fees for the custodial evaluation. Our conclusion is based not on the Cabinet's status as a party, but rather on the family court's failure to follow KRE 706(a). That rule reads:

The court may on its own motion or on the motion of any party *enter an order to show cause why expert witnesses should not be appointed,* and may require the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. (Emphasis added.)

There is no reported case in our jurisdiction interpreting KRE 706(a). But the procedural safeguard in the rule seems clear: without impinging on the court's inherent authority to make the final selection, the court must first adopt a show cause procedure for the appointment of experts. This guarantees that the parties will have notice that the process is in motion and an opportunity to advise the trial court and to comment on the selection of the court-appointed expert.

The Cabinet argues that given notice and an opportunity to be heard, it could have nominated competent evaluators who were under contract with the Cabinet. Unfortunately, the record does not contain a transcript or videotape of the October 9, 2003, hearing. But from what we can glean from the record, the court acted upon its own motion in ordering the evaluation by Dr. Luttrell. An order was entered to that effect, and the contestants proceeded with the custodial evaluation. No show cause order process preceded the appointment of the expert, nor was the Cabinet notified of the court's appointment until after the evaluations were complete. The Cabinet received the court's order and the bill for the custodial evaluation several days after the evaluation had occurred.

The family court failed to observe the procedural safeguards of KRE 706(a) by neglecting to issue a show cause order

---

**4.** *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.2000).

**5.** 705 S.W.2d 935, 937 (Ky.App.1985).

before appointing its own expert. We believe this resulted in a decision that was "arbitrary, unreasonable, unfair, [and] unsupported by sound legal principles."[6] And because the court abused its discretion, we must reverse the order requiring the Cabinet to pay the fees of the court-appointed expert.

ALL CONCUR.

