Charles L. BATTS and his Personal Representative, Dale P. Batts, Appellant,

v.

ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

No. 2005–CA–001594–MR.

Court of Appeals of Kentucky.

March 2, 2007.

James W. Owens, James W. Owens, Chartered, Paducah, KY, for appellant.

L. Miller Grumley, Bradley & Freed, P.S.C., Paducah, KY, Thomas R. Peters, Mark R. Kurz, Gundlach, Lee, Eggmann, Boyle & Roessler LLC, Belleville, IL, for appellee.

Before ABRAMSON and DIXON, Judges; HOWARD,[1] Special Judge.

## OPINION

ABRAMSON, Judge.

Appellant Dale P. Batts, personal representative of Charles L. Batts, appeals from an order of the McCracken Circuit Court entered on June 29, 2005, overruling Dale's motion to vacate that court's June 2, 2005 judgment dismissing Charles's personal injury action against the Illinois Central Railroad Company (ICRR). Because we do not agree with the circuit court's conclusion that Dale failed to comply with the requirements of Kentucky Revised Statute (KRS) 395.278, we reverse and remand for further proceedings.

On February 21, 2003, Charles Batts filed a complaint in the McCracken Circuit Court alleging an asbestos-related injury for which he sought damages pursuant to the Federal Employers' Liability Act (FELA). Charles died fourteen months later on April 21, 2004. One week later, on April 27, 2004, the circuit court entered a Notice to Dismiss for Lack of Prosecution pursuant to Kentucky Rule of Civil Procedure (CR) 77.02 indicating an intent to dismiss the action on May 31, 2004, unless good cause was shown otherwise. Dale's counsel filed a response on May 28, 2004, explaining the circumstances of Charles's death and claiming to be in the process of taking the necessary steps to revive the action in the name of Charles's personal representative, Dale. The circuit court, by order entered on June 3, 2004, ruled that the case would remain open and be retained on its docket.

On April 21, 2005, exactly one year after Charles's death, a judge of the Hickman District Court signed an order appointing Dale as the executrix of Charles's estate. The order of appointment, however, was not entered by the clerk of that court until May 10, 2005. Nonetheless, also on April 21, 2005, Dale filed a motion in the McCracken Circuit Court seeking to revive the FELA claim and to be substituted as plaintiff for her deceased husband. On May 5, 2005, ICRR moved to dismiss Dale's claim on the ground that it was barred by KRS 395.278 because of Dale's failure to revive the action within one year of Charles's death.

After hearing argument from both parties, the circuit court ruled in favor of ICRR and, on June 2, 2005 entered an order dismissing Dale's claim. Dale filed a motion to vacate the judgment on June 10, 2005. The circuit court denied this motion by order entered on June 29, 2005. This

---

1. Special Judge James I. Howard concurred in this opinion prior to the expiration of his Special Judge assignment effective February 9, 2007. Release of the opinion was delayed by administrative handling.

appeal of *only* the June 29, 2005 order followed.[2]

■ Our review of a trial court's denial of a CR 59.05 motion is limited to whether the court abused its discretion. *Gullion v. Gullion,* 163 S.W.3d 888 (Ky.2005). Moreover, as this Court has previously stated, the test for abuse of the circuit court's discretion is whether the decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth, Cabinet for Health & Family Serv. v. Byer,* 173 S.W.3d 247, 249 (Ky. App.2005), *citing Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575 581 (Ky. 2000).

■ In order to determine whether the trial court abused its discretion in denying Dale's CR 59.05 motion, we must first look to the legal soundness of that court's prior decision dismissing Charles's claim. KRS 395.278 states that "[a]n application to revive an action in the name of the representative or successor of a plaintiff ... shall be made within one (1) year after the death of a deceased party." ICRR does not dispute that Dale's motion to revive her husband's action was filed within the year following his death—the motion was clearly filed on the one year anniversary of Charles's death. Rather, the question is whether Dale had standing to file it. ICRR argues that because the order appointing Dale executrix of Charles's estate was not entered until May 10, 2005, it was not effective until that date and thus Dale had no standing to move for revival of her

deceased husband's FELA claim on April 21, 2005.

■ In support of its argument, ICRR relies on CR 58. According to subsection (1) of this rule:

> Before a judgment or order may be entered in a trial court it shall be signed by the judge. The clerk, forthwith upon receipt of the signed judgment or order, shall note it in the civil docket as provided by CR 79.01. The notation shall constitute the entry of the judgment or order, which shall become effective at the time of such notation. . . .

Under typical circumstances, when a trial judge signs an order or judgment it has no effect until it is entered into the record by the clerk. *See, e.g., Hawes v. Cumberland Contracting Co.,* 422 S.W.2d 713 (Ky.1967); *Murrell v. City of Hurstbourne Acres,* 401 S.W.2d 60 (Ky.1966); *Commonwealth v. West,* 147 S.W.3d 72 (Ky.App.2004). Thus, according to ICRR, while a judge of the Hickman District Court may have signed an order appointing Dale as executrix of her husband's estate on April 21, 2005, the appointment did not take effect until it was entered into the record by the clerk nineteen days later. According to ICRR, Dale's motion was fatally defective as she lacked the standing to file it on April 21, 2005.

In asserting its argument, however, ICRR overlooks KRS 395.105. This statute, addressing when the appointment of a fiduciary [3] becomes effective, states:

---

2. ICRR contends that this appeal should be dismissed because of Batts's failure to properly designate the trial court's June 2, 2005 judgment. However, our Supreme Court held in *Ready v. Jamison,* 705 S.W.2d 479 (Ky.1986), that dismissal is *not* an appropriate remedy for an appellant's failure to properly specify the final judgment appealed from when it can be ascertained within a reason-

able certainty from a complete review of the record on appeal and no substantial harm or prejudice has resulted to the appellee.

3. "Fiduciary," as used in KRS Chapter 395 entitled "Personal Representatives," is defined in KRS 395.001 to include *inter alia* executors and administrators.

Every fiduciary, before entering upon the execution of the trust, shall receive letters of appointment from the District Court having jurisdiction as now fixed by law. The duties of a fiduciary shall be such as are required by law, and such additional duties not inconsistent therewith as the court may order. *The appointment shall be effective with the signing of an order by the judge.*

(Emphasis added.) This provision, taken in combination with CR 1 which provides that "procedural requirements" in a statute shall take precedence over a conflicting rule, leads us to the conclusion that Dale's appointment as executrix of her husband's estate became effective upon the district judge's signing of the order on April 21, 2005. Entry of the order by a clerk was *not* a prerequisite to Dale's ability to assert her authority pursuant to that appointment.

Although Dale's appointment was effective when the appointment order was signed by the Hickman District Court judge, application of this Court's prior decision in *Preece v. Adams,* 616 S.W.2d 787 (Ky.App.1980), would lead to the same result. In that case, Phillip Preece filed an action against certain defendants alleging misappropriation and mismanagement of his estate. Following Preece's death, the prospective administrators of his estate sought appointment in Boyd County. At the same time, they also filed a motion to revive Preece's civil action. The defendants in that action objected to the prospective administrators' appointment on the ground that the Boyd County Court lacked jurisdiction to make the appointment. The Boyd County Court never ruled on the issue of jurisdiction. In a separate action, however, the Lawrence Circuit Court ruled that the Boyd County Court's appointment of the administrators was void because it lacked jurisdiction since Preece had been a Lawrence County resident at the time of his death. Thereafter, well over one year following Preece's death, the administrators sought a second appointment in the Lawrence District Court and also moved to revive the civil action in that court. The defendants in that action objected, and the trial court, finding revival of the action untimely, dismissed. On appeal, this Court reversed, holding that because the administrators believed that Boyd County was the correct jurisdiction when they filed their original motions, and further because no court contradicted this belief for over two years, the original filing was sufficient to toll the statute of limitations. This Court also noted that the defendants in the civil action had, at all times, notice of the administrators' intent to revive and pursue that action.

In the present action, Dale sought appointment and received an executed, albeit unentered, order from the Hickman District Court before expiration of the one year deadline in KRS 395.278. She likewise moved to revive her husband's civil action in the trial court before the deadline passed. Under these circumstances, ICRR, like the defendants in *Preece,* clearly had timely notice of her intent to revive the action. It would be incongruous to recognize the acts of administrators acting under an order of a court with no jurisdiction to appoint them as in *Preece* but to refuse recognition of the act of an executor properly appointed by a court with jurisdiction simply because the clerk did not enter the order the day the judge signed it.

Of course, we are mindful of the fact that Dale waited until the last possible day to file the necessary motions that she had acknowledged almost a full year earlier would need to be filed. While we certainly do not condone such a delay in acting, the

circuit court had no sound legal basis for dismissal of the original civil action. Thus, the trial court abused its discretion by refusing to vacate its June 2, 2005 judgment when presented with the opportunity. Therefore, we reverse the June 29, 2005 order of the McCracken Circuit Court and remand this action to that court for further proceedings in accordance with this Opinion.

ALL CONCUR.