Maurice W. **MULLINS, Appellant,**

v.

**CONSOL OF KENTUCKY, INC.; Willis Hall; Myrtle Hall Rossi; and Eric Ashley, Individually, Appellees.**

No. 2007–CA–001017–MR.

Court of Appeals of Kentucky.

May 18, 2012.

Darrell Hall, Whitesburg, KY, for appellant.

No brief filed, for appellees.

Before TAYLOR, Chief Judge; COMBS and NICKELL, Judges.

## OPINION

NICKELL, Judge:

Maurice W. Mullins appeals from the March 9, 2007, and May 1, 2007, orders of the Knott Circuit Court which mandated that guardian *ad litem* (GAL) fees be paid from a court ordered escrow account. Because we hold that the trial court abused its discretion, we reverse and remand.

The underlying action was brought by Consol of Kentucky, Inc. ("Consol") in an effort to determine ownership of a parcel of land located in Knott County, Kentucky. Consol had entered into a surface lease agreement with Mullins to haul coal across the property in dispute. Approximately a year after the commencement of the surface lease, Willis Hall asserted that he owned the property which was the subject of the lease. Hall's claim to the property prompted Consol to file a complaint with the Knott Circuit Court.

Consol filed a motion to deposit funds with the trial court, in which it sought to deposit currently due lease payments and future accrued lease payments into an interest bearing account to the credit of the court, pending the trial court's determination of the payments' ownership. The motion was granted by order entered on June 7, 2005. Thereafter, Hall testified that the disputed property was owned by his sister, Myrtle Hall Rossi, whom he believed to be mentally incompetent due to her suffering from Alzheimer's disease. Rossi was then added to the lawsuit as a defendant, and Gail Sloan was appointed as her GAL. Sloan was later replaced as Rossi's GAL by Eric E. Ashley.

Ashley filed a report with the trial court in which he stated that Rossi was mentally competent and able to pursue the matter on her own. Ashley also moved for the payment of $1,257.26 in GAL fees for services rendered. On March 9, 2007, the trial court ordered that the full amount of $1,257.26 be paid to Ashley and that the amount be withdrawn and paid from the escrow being funded by Consol. Mullins filed a motion to alter, amend, or vacate, and argued that payment of the GAL fees from the escrow account was inappropriate. Ashley filed another motion seeking an additional $225.00 for GAL services rendered. On May 1, 2007, the trial court issued an order in which it denied Mullins's motion to alter, amend, or vacate, and granted Ashley's motion for an additional $225.00, also to be paid from the escrow account. This appeal followed.

We review a trial court's denial of a motion to alter, amend, or vacate pursuant to CR[1] 59.05 for an abuse of discretion. *Batts v. Illinois Central Railroad Co.*, 217 S.W.3d 881, 883 (Ky.App.2007). An abuse of discretion can be found when the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

1. Kentucky Rules of Civil Procedure.

■ Mullins does not challenge the award or amount of the GAL fees. His only argument is that the GAL fees were improperly ordered to be paid from the court held escrow account. Mullins named Consol, Hall, Rossi, and Ashley as Appellees to this appeal and none has filed a brief herein. Whether GAL fees can ·be paid from a court held escrow account appears to be an issue of first impression. After careful consideration, we agree with Mullins that the designation of escrow funds to pay GAL fees was improper.

KRS[2] 453.060 provides that "[a] guardian ad litem or warning order attorney shall be allowed by the court a reasonable fee for his services, *to be paid by the plaintiff* and taxed as costs." KRS 453.060(2) (emphasis added). While the money held in escrow by the trial court was technically being paid by the plaintiff at the time of deposit, the money will theoretically be determined to belong to one of the defendants when the lawsuit concludes. Therefore, the prevailing party of the underlying lawsuit is the party that would have actually paid the GAL fees. Assuming that the prevailing party was entitled to the entirety of the payments being deposited by Consol, it would then become the burden of the prevailing party to recover any sums deducted for the GAL fees. We do not envision that such a result was intended by the legislature in its enactment of KRS 453.060, but rather that the plaintiff should directly bear the cost of any awarded GAL fees.

Furthermore, trial court escrow accounts are governed by CR 67.03, which reads:

> [w]here the money is paid into court to abide the result of any legal proceeding, the judge may order it deposited in one or more designated federally insured state or national banks or savings banks, to the credit of the court in the action or proceeding in which the money was paid. The money, including earned interest, so deposited shall be paid only upon the check of the clerk of the court, annexed to its certified order for the payment, and in favor of the person to whom the order directs the payment to be made. Any interest which may have accrued shall also be paid to that same person.

CR 67.03 specifically addresses money paid "to abide the result of any legal proceeding." The escrow account in the case before us clearly falls under this purview, as evidenced by the trial court's order which required the deposit of "all payments which are due under leases from any of the Defendants which have accrued and may in the future accrue, and *which are otherwise the subject of this proceeding.*" (Emphasis added). The language of CR 67.03 mandates payment of the deposited money, and any accrued interest, to the same person. This language implies that the escrow shall be withdrawn only to satisfy the trial court's final judgment, and not for other costs and fees. Accordingly, we hold that the trial court's denial of Mullins's motion to amend, alter, or vacate the March 9, 2007, judgment was unsupported by sound legal principles.

For the foregoing reasons, the March 9, 2007, and May 1, 2007, orders of the Knott Circuit Court are reversed to the extent that they mandate payment of the GAL fees from the court ordered escrow account, and remanded with instructions to order the GAL fees be paid directly by plaintiff, Consol.

ALL CONCUR.

---

2. Kentucky Revised Statutes.