RENDERED: DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0974-MR

DIANNA LYNN DAVENPORT, IN
HER CAPACITY AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF PENNY ANN SIMMONS                                    APPELLANT


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE ANNIE O'CONNELL, JUDGE
                    ACTION NO. 19-CI-005790


KINDRED HOSPITALS LIMITED
PARTNERSHIP D/B/A KINDRED
HOSPITAL – LOUISVILLE AND THE
COMMONWEALTH OF KENTUCKY
EX REL. ATTORNEY GENERAL
DANIEL CAMERON                                          APPELLEES


                            OPINION
                            AFFIRMING

                        ** ** ** ** **

BEFORE:  TAYLOR, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  We are faced with an intolerable situation in which the

statute of limitations runs on different dates depending upon whether a rule or

statute applies.  To our knowledge, in all other situations there is no conflict

regarding when the statute of limitations begins to run. Because of existing precedent, we are obliged to apply statute as controlling, thus making this action untimely. Therefore, we reluctantly affirm.

Diana Lynn Davenport, in her capacity as personal representative of the Estate of Penny Ann Simmons (the Estate), appeals from the Jefferson Circuit Court's grant of summary judgment in favor of Kindred Hospitals Limited Partnership d/b/a Kindred Hospital – Louisville (Kindred) which dismissed the Estate's wrongful death claim against Kindred. The circuit court ruled this claim was barred by the statute of limitations because the Estate did not file the case against Kindred within the one-year period after Davenport was appointed personal representative. The Commonwealth of Kentucky ex Rel. Attorney General Daniel Cameron is also a party as the Estate challenged the constitutionality Kentucky Revised Statute (KRS) 395.105 which establishes when the appointment of a personal representative is effective.

We must affirm because we agree with the circuit court that KRS 395.105 is constitutional, and we are constrained by our published precedent in *Batts v. Illinois Central Railroad Company*, 217 S.W.3d 881 (Ky.App. 2007), that KRS 395.105 controls when a personal representative is appointed and that timing controls calculations for purposes of the statute of limitations. Thus, KRS 395.105

controls over Kentucky Rules of Civil Procedure (CR) 58, given the language of CR 1(2), making the suit untimely.

However, although this outcome is required, we urge the Kentucky Supreme Court to take review of this case and to consider whether *Batts* should be overruled and/or whether CR 1(2) should be amended to resolve the inconsistency in when an appointment of a personal representative is effective to begin the running of the statute of limitations. It would be in the best interest of all to have a uniform rule applied as to when the statute of limitations begins to run.

The following facts are not in dispute:

(1) on July 19, 2018, Simmons died;

(2) on September 11, 2018, the Spencer District Court signed an order appointing Davenport to be the Estate's personal representative;

(3) on September 21, 2018, the Spencer Circuit and District Court Clerk entered this order; and

(4) on September 20, 2019, Davenport filed a medical malpractice/wrongful death lawsuit in Jefferson County on behalf of the Estate.

Initially, Kindred filed a motion to dismiss because the Estate did not file a certificate of merit as required by KRS 411.167. The Estate responded and argued that KRS 411.167 was unconstitutional, noticing the Kentucky Attorney General (AG). The AG appeared in the case and argued that KRS 411.167 was constitutional. The circuit court did not make a ruling on that issue.

-3-

Kindred then filed a motion for summary judgment on the basis that the Estate's action was barred by the statute of limitation by being filed more than one year after Davenport was appointed personal representative, based on KRS 413.180 and KRS 395.105. The Estate responded and opposed the motion, arguing that the final sentence in KRS 395.105, which makes the appointment of a personal representative effective when the order of appointment is signed (rather than when such an order is entered), is unconstitutional as violating the separation of powers, noticing the AG. The AG opposed this interpretation.

The circuit court granted the motion for summary judgment and dismissed the case. The circuit court explained that KRS 395.105 was not unconstitutional based on its interpretation of how it was to be interpreted in accordance with the CR 1(2) and, based on its interpretation of KRS 395.105 as supported by *Batts*, that the statute of limitations expired before the Estate filed its case.

As the facts are undisputed, we need only interpret the law to resolve whether summary judgment was appropriately granted. Pursuant to KRS 413.140, personal injury and medical malpractice actions must be brought within one year.

KRS 413.180 provides an extension to that statute of limitations as follows:

> (1) If a person entitled to bring any action mentioned in
>     KRS 413.090 to 413.160 dies before the expiration of

the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, *if commenced within one (1) year after the qualification of the representative*.

(2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one (1) year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period.

(Emphasis added.)

Kentucky interprets KRS 413.180 as providing that "if a personal representative is appointed within one year of the date of death, he then is granted one year from the date of his appointment to file suit. If no suit is filed within that time, the action for wrongful death dies." *Southeastern Kentucky Baptist Hosp., Inc. v. Gaylor*, 756 S.W.2d 467, 470 (Ky. 1988) (quoting *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641, 642 (6th Cir. 1986)). *See Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 654 (Ky. 1992) (confirming that *Gaylor*, in quoting *Drake*, "states the correct rule.").

KRS 395.105 provides:

Every fiduciary, before entering upon the execution of the trust, shall receive letters of appointment from the District Court having jurisdiction as now fixed by law. The duties of a fiduciary shall be such as are required by law, and such additional duties not inconsistent therewith

-5-

> as the court may order. *The appointment shall be*
> *effective with the signing of an order by the judge.*

(Emphasis added.) If KRS 395.105 is dispositive, the date of the judge's signature

appointing the personal representative within one year of the decedent's death,

provides the date for the commencement of the statute of limitations as extended

by KRS 413.180. Therefore, under this application because Davenport did not file

the action within this one-year extension, dismissal was warranted.

This time for effectiveness of the appointment of the personal

representative, upon the judge's signature on the order, is different from the typical

practice of when an order is effective as provided in CR 58(1), which states in

relevant part:

> Before a judgment or order may be entered in a trial court
> it shall be signed by the judge. The clerk, forthwith upon
> receipt of the signed judgment or order, shall note it in
> the civil docket as provided by CR 79.01. The notation
> shall constitute the entry of the judgment or order, which
> shall become effective at the time of such notation[.]

Therefore, if CR 58(1) governed, the Estate's suit was timely.

Section 116 of the Kentucky Constitution empowers the Kentucky

Supreme Court to prescribe rules of practice and procedure for our court system,

and one such rule created pursuant to such action is CR 1(2). *Hensley v. Haynes*

*Trucking, LLC*, 549 S.W.3d 430, 440 (Ky. 2018). CR 1(2) thus provides a

constitutionally appropriate basis for reconciling KRS 395.105 and CR 58(1).

CR 1(2) states in relevant part: "These Rules govern procedure and practice in all actions of a civil nature in the Court of Justice except for special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules." To determine the existence of a special statutory proceeding, we evaluate "whether the statute in question provides for a comprehensive, wholly self-contained process that prescribes each procedural detail of the cause of action." *McCann v. Sullivan University System, Inc.*, 528 S.W.3d 331, 334 (Ky. 2017).

The only way CR 58(1) would apply over KRS 395.105, is if the final sentence of KRS 395.105 is ruled to be unconstitutional or interpreted as not providing the starting date for the running of the statute of limitations as extended. Were the final sentence of KRS 395.105 ruled to be unconstitutional or inapplicable, there would be no contrary statutory provision as to when the order appointing Davenport as personal representative for the Estate would be effective and, given the later date of "effectiveness" identified by CR 58(1), the complaint would have been filed within the statute of limitations.

However, *Batts* precludes such a result as it is binding precedent that has already resolved this issue. In *Batts*, the Court was addressing the issue of whether the personal representative, Dale, could properly satisfy the statute of limitations as set out in KRS 395.278 in reviving a federal asbestos claim by filing

a motion to revive exactly one year after the decedent died, on the same date that Dale was appointed personal representative via a signed order. *Batts*, 217 S.W.3d at 882. KRS 395.278 provides that "[a]n application to revive an action in the name of the representative or successor of a plaintiff, or against the representative or successor of a defendant, shall be made within one (1) year after the death of a deceased party." Therefore, if the appointment was effective when signed for purposes of the statute of limitations, the action was timely and if CR 58(1) applies, it was not. The trial court applied CR 58(1) in dismissing the case.

In reversing, our Court relied on the final sentence of KRS 395.105, which indicates that the order appointing a fiduciary "shall be effective with the signing of an order by the judge" and thereby effective on the date rather than the later date of entry by the clerk. It further indicated:

> This provision, taken in combination with CR 1 which provides that "procedural requirements" in a statute shall take precedence over a conflicting rule, leads us to the conclusion that Dale's appointment as executrix of her husband's estate became effective upon the district judge's signing of the order on April 21, 2005. Entry of the order by a clerk was *not* a prerequisite to Dale's ability to assert her authority pursuant to that appointment.

*Batts*, 217 S.W.3d at 884. Thus, the motion to revive was filed within the statute of limitations.

Our Court further indicated that "[a]lthough Dale's appointment was effective when the appointment order was signed by the Hickman District Court judge, application of this Court's prior decision in *Preece v. Adams*, 616 S.W.2d 787 (Ky.App. 1980), would lead to the same result." *Id*. In *Preece*, prospective administrators filed to be appointed in the wrong court, were appointed and then moved to revive the decedent's action, with the circuit court ruling their appointment was void for lack of jurisdiction, so they sought a proper appointment and to revive; ultimately, our Court determined the faulty filing after being appointed by the wrong court was sufficient to toll the statute of limitations. *Batts*, 217 S.W.3d at 884.

The Court in *Batts* noted that because the employer before it clearly had timely notice of the executor's intent to revive the decedent's action,

> [i]t would be incongruous to recognize the acts of administrators acting under an order of a court with no jurisdiction to appoint them as in *Preece* but to refuse recognition of the act of an executor properly appointed by a court with jurisdiction simply because the clerk did not enter the order the day the judge signed it.

*Id*. This result is also consistent with *Richardson v. Dodson*, 832 S.W.2d 888, 889-90 (Ky. 1992) (holding that the timely filing of a complaint by the decedent's son in his individual capacity was sufficient under CR 15.03 to permit the subsequent amendment of the complaint naming the personal representative as plaintiff to relate back as the son was entitled to be appointed, was so appointed, and the

-9-

purpose of the statute of limitations was served as notice of the litigation was given within the time allowed and not prejudicial) and *Modern Bakery, Inc. v. Brashear*, 405 S.W.2d 742, 743-44 (Ky. 1966).

Davenport argues that *Batts* does not apply because:

A) The facts of *Batts* were distinctly different from the instant case.

B) The answer to the conflict between CR 58 and KRS 395.105, by way of CR 1(2), was one of TWO alternate legal bases set forth for the final ruling in *Batts*. Therefore, *Batts* IS NOT binding precedent to resolve the question at issue in this appeal.

During oral argument, Davenport argued that the ruling in *Batts* was outcome-determinative to save the cause of action in that case,[1] rather than a correct interpretation of the law.

Alternatively, Davenport argues that if our Court determines *Batts* to be presently controlling precedent that we should overrule it. Davenport also argues that CR 1(2) cannot apply to let the General Assembly usurp the Supreme Court's power, because the effective date and time of an order is a decision of substance.

---

[1] If this decision was made to save the cause of action, it was ultimately unsuccessful as the case was later dismissed for failure to prosecute, with this decision affirmed on appeal. *Batts v. Illinois Cent. R. Co.*, No. 2008-CA-001193-MR, 2009 WL 3151086, at *3 (Ky.App. Oct. 2, 2009) (unpublished).

We disagree with Davenport. While in *Batts* the combination of KRS 395.105 and KRS 395.278 meant the action to revive was timely, and here the combination of KRS 395.105 and KRS 413.180(1) means that Davenport filed the Estate's wrongful death claim too late, this does not justify applying a different rule here. We are confident that CR 1(2) provides a proper mechanism for the Supreme Court to harmonize KRS 395.105 with CR 58(1), and to apply KRS 395.105 over it as our statutes provide a comprehensive process for probate.

While *Batts* provided two bases for affirming, neither is *dicta* as either would have been a sufficient basis for the Court's decision.

> While statements made in an opinion that are not necessary to the decision of the question under consideration by the court are dicta, it does not follow by any means, and is not true, that the decision of either of two questions, presented by the record and in the arguments, is obiter simply because a decision of one of them disposed of the case and rendered a decision of the other unnecessary.

*Swiss Oil Corporation v. Shanks*, 208 Ky. 64, 270 S.W. 478, 479 (1925). Instead, such decisions are "authoritative . . . and binding unless and until overruled." *Id.* at 480.

*Batts* is a controlling precedent which our panel cannot overrule. *See Taylor v. King*, 345 S.W.3d 237, 242 (Ky.App. 2010) (explaining to overrule Court of Appeals precedent, the Court of Appeals "would have to go *en banc*"); Rules of

-11-

the Supreme Court (SCR) 1.030(7)(d) (explaining the mechanism needed to go *en banc*). Our Court very rarely takes the action of going *en banc*.

Finally, the appropriate application of the procedural rules as to the timing of the filing of this action warrant dismissal under the undisputed facts. There is no valid basis for finding the final sentence of KRS 395.105 unconstitutional simply because Davenport apparently overlooked it when determining when to file her complaint.

While we could end our discussion here, we would be remiss if we did not point out that although we believe this result is required, it is simultaneously intolerable and unjust. An earlier starting date for the statute of limitations in only this one circumstance provides a trap for unwary practitioners and deprives personal representatives of the opportunity to see that justice is done for decedents.

Our review has failed to disclose any other statute which makes a judge's order effective only with a judge's signature and without entry by the clerk. As a practical matter, an order that has not been entered will not be certified, and a certified copy of an appointment order is required before banks and other entities will accept a personal representative's authority.

The implications of KRS 395.105 on the statute of limitations are not readily apparent or easily ascertainable. While the one-year statute of limitations provided in KRS 413.140 is modified by KRS 413.180, KRS 413.180 fails to

cross-reference KRS 395.105, thus easily resulting in a mistaken belief that CR 58(1) governs here as it does in every other known circumstance.

Were it up to us, we would prefer to interpret KRS 395.105 as clothing personal representatives with the authority to promptly make final arrangements for the decedent and providing a defense for personal representatives accused of acting precipitously in engaging in such transactions as are authorized under KRS 395.195 and KRS 395.200, after the order appointing such person was signed but before it was entered, rather than being effective for purposes of beginning the running of the statute of limitations.[2] However, under the circumstances as we are not interpreting this statute on a blank slate, we believe it appropriate for us to strongly urge the Kentucky Supreme Court to consider overruling *Batts* as precedent, act to clarify how KRS 395.105 can properly be reconciled with CR 58(1), or potentially modify CR 1(2) to resolve this dilemma. Alternatively, the General Assembly could act to amend the wording of the final sentence of KRS 395.105(1).

---

[2] Ideally, an action could be saved from the expiration of the statute of limitations where the judge signed the order appointing the personal representative and that personal representative filed an action pursuant to that authority, with tolling allowed between the time of the signature and the entry of the order appointing because notice of the action was provided within the statute of limitations, thereby applying the second ground to save the action in *Batts*. Such a rule would be similar to the mailbox rule for prisoners as while a potential personal representative could lobby a judge for a quick appointment to save a pending or potential action, that same person could not necessarily get the clerk's office to enter such an order that same day.

Accordingly, we affirm the Jefferson Circuit Court's order granting Kindred's motion for summary judgment dismissing the complaint.

ALL CONCUR.

BRIEF AND ORAL ARGUMENT
FOR APPELLANT:

Harry B. O'Donnell IV
Louisville, Kentucky

BRIEF FOR APPELLEE KINDRED
HOSPITALS LIMITED
PARTNERSHIP D/B/A KINDRED
HOSPITAL – LOUISVILLE:

Paul A. Dzenitis
Emily W. Newman
Megan P. Keane
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEE KINDRED HOSPITALS
LIMITED PARTNERSHIP D/B/A
KINDRED HOSPITAL –
LOUISVILLE:

Emily W. Newman
Louisville, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH:

Matthew F. Kuhn
Solicitor General

Brett R. Nolan
Principal Deputy Solicitor General

Michael R. Wajda
Assistant Solicitor General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE COMMONWEALTH:

Brett R. Nolan
Frankfort, Kentucky